GOTHARDT FISCHER v. J. H. COOLEY.

FILED APRIL 11, 1893.   No. 4163.

Justice of the Peace: CONTINUANCE: DISMISSAL. On application of the defendant, the plaintiff consenting thereto, a justice of the peace adjourned a suit pending before him for more than ninety days from the return day of the summons. Afterwards, on the day to which the cause stood adjourned, the defendant objected to the jurisdiction of the justice on the ground that the action had been continued beyond the ninety days limited by the statute, which objection was overruled. *Held*, That the adjournment did not operate as a discontinuance of the action, and that the defendant could not claim a dismissal by reason of the postponement of the trial at his own instance.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*Bowen & Hoeppner*, for plaintiff in error.

*C. H. Tanner, contra.*

NORVAL, J.

This suit was brought by J. H. Cooley against Gothardt Fischer, on the 17th day of August, 1888, before J. G. Hayzlett, a justice of the peace, to recover the amount due

upon a promissory note. A summons was issued return-
able on the 21st of that month. The parties appeared on
the day set for trial, and the defendant applied for and ob-
tained a change of venue, the case being transferred to the
docket of C. S. Wilson, a justice of the peace. The de-
fendant then filed a motion for a continuance for thirty
days, which was granted, and the time for trial was set for
September 27th. On that day he made an affidavit for a
second change of venue, and thereupon, by stipulation of
the parties, the case was sent to Justice W. B. Burton, and
the hearing set for the 20th day of November. On this
day, by consent, the trial was postponed to November 30th,
and afterwards, on said date, on the written stipulation of
the attorneys of the respective parties, the case was again
adjourned until February 1, 1889, at 1 o'clock P. M.
On that day, by consent of parties, a continuance was had
until the 4th day of that month at 2 o'clock P. M., on
which day defendant appeared specially and objected to
the jurisdiction of the court, on the ground that more than
ninety days had elapsed since the return of the summons;
which objection was overruled, and defendant making no
further appearance, judgment was rendered against him for
$131.90, besides cost. The defendant prosecuted error to
the district court, where the judgment of the justice was
affirmed, and he now brings the case to this court on error.

The contention of the plaintiff in error is, that the
justice had no jurisdiction to try the case; in other words,
that the postponement of the trial by successive adjourn-
ments beyond ninety days from the time of the return of
the summons worked a discontinuance of the cause, and
ousted the justice of jurisdiction.

Section 961 of the Code of Civil Procedure, relating to
continuances before justice courts, provides, in effect, that
an adjournment may be had on the application of either
party at the return day, or at any subsequent time to which
the cause may stand adjourned, for a period not to exceed

ninety days from the time of the return of the summons, upon the applicant making the showing required by the statute.   Under said section, when a justice of the peace adjourns a suit pending before him, without the consent of parties, for more than ninety days from the return day, it operates as a discontinuance.   But the rule is otherwise where such continuance is granted by consent or on the agreement of the parties.   The party on whose application a cause in a justice court is adjourned beyond the period limited by the statute is estopped to claim a dismissal by reason of such adjournment. (*Jennerson v. Garvin*, 7 Kan., 136.)

While in the case under consideration the trial did not take place before the justice until more than ninety days after the return day of the summons, the record discloses that the cause was continued by successive adjournments until the day upon which judgment was entered, and that each adjournment was obtained, either on the application of the plaintiff in error, or by the consent of both parties.   The justice had jurisdiction of the subject-matter, and jurisdiction over the person of the defendant below was not lost by the several continuances, since they were granted upon his procurement or with his consent.   He cannot now take advantage of the error or irregularity in the adjournment of the cause.   To permit him to do so would be to allow him to reap a benefit from his own acts.   The judgment of the district court in affirming the judgment of the justice of the peace is

AFFIRMED.

THE other judges concur.