## ED. WEST v. OLE BERG.[1]

November 20, 1896.

Nos. 10,276—(93).

66 287
69 301
66 287
72 101

**Attachment in Justice Court—Affidavit.**

An affidavit for a writ of attachment in a justice court, made by a person other than the plaintiff, is sufficient to authorize the issuance of the writ, where it appears from the files and records in the action that it was made in behalf of the plaintiff, although it is neither so stated nor recited in the affidavit. Smith v. Victorin, 54 Minn. 338, commented upon.

**Same—Copy of Inventory—Service on Defendant.**

Failure to serve on the defendant a copy of the inventory of the property levied on by virtue of a writ of attachment does not affect the validity of the levy.

**Justice Court—Adjournment—Loss of Jurisdiction.**

This was an action in a justice court. The parties appeared on the return day, September 6, and, by their agreement, the case was continued to the 14th day of the same month, the pleadings to be filed on the adjourned day. On the 13th the parties appeared in court, and, by their agreement, the adjourned day was changed to September 20, at which time the parties appeared, filed their pleadings without objections, and went to trial. *Held,* that the justice did not lose jurisdiction of the action by the adjournment.

Appeal by plaintiff from an order of the district court for Polk county, Ives, J., denying a motion for a new trial. Reversed.

*H. Steenerson* and *W. E. Rowe,* for appellant.

*Wm. Watts,* for respondent.

START, C. J. This is an action by the plaintiff, as constable, to recover from the defendant a quantity of grain which, he alleges, the defendant unlawfully took and carried away while he was holding it by virtue of a levy thereon, under a writ of attachment duly issued out of a justice court, in an action therein pending, delivered to him for service and duly levied by him on the grain. A portion of the grain was in the shock, and the balance uncut, at the time the plaintiff claims to have levied upon it. The levy was made on August 29,

[1] Reported in 68 N. W. 1077.

1895, by filing a certified copy of the writ and the return of the levy thereunder in the office of the clerk of the town wherein the property was situated. The answer put in issue the allegations of the complaint as to the levy on the grain and the plaintiff's special property therein, but admitted and alleged that the defendant took possession of the grain on September 6, 1895, by virtue of two chattel mortgages thereon made to him by the owner thereof, the defendant in the action in which the writ issued. The reply alleged a tender to the defendant of full payment of one of the defendant's mortgages, and that the other one was fraudulent as to the creditors of the mortgagor. The trial court, at the close of the plaintiff's evidence, dismissed the action, and the plaintiff appealed from an order denying his motion for a new trial.

On the trial, the certified copy of the writ of attachment and of the return and levy, and the records in the town clerk's office showing that they were duly filed, were received in evidence. The plaintiff then offered in evidence the original affidavit for the attachment, the bond, the writ, with the return thereon, and the docket entries of the justice showing the proceedings had before him in the action in which the writ issued. Each and all of these documents and records were objected to by the defendant, on the ground (stated in substance) that it did not appear from the affidavit that the person who made it was an officer, agent, or attorney of the plaintiff, or authorized to act for it in the premises; and that, hence, the justice had no authority to issue the writ, and the evidence was immaterial. The objection was sustained, and the evidence excluded. This ruling of the court is assigned as error. Each item of this evidence was offered and objected to separately, and in the order stated; but, if any of it was admissible, the whole thereof was, and the order in which it was offered is immaterial. It must be treated as a whole. If the affidavit was sufficient, all of the evidence should have been received; otherwise, not. The question then is: Was the affidavit sufficient to authorize the justice to issue the writ? Our answer is, "Yes."

The only objection to the affidavit was that it did not state or recite that the party making it was the agent, or that he made it on behalf of the plaintiff. There is a sharp conflict in the adjudged cases on this question, but the greater number of them hold that where a statute provides for the making of the affidavit for a writ of attachment by

some person other than the plaintiff, as his agent or attorney, or by some person in his behalf, it is not, as a general rule, necessary that the affidavit should state or recite that the affiant is such agent, or that he makes it in the plaintiff's behalf. 3 Enc. Pl. & Prac. 9. It will serve no practical purpose to cite or analyze the cases which support this general proposition, for the language of the several statutes upon which they are based is not uniform. Each case must be governed by the terms of the statute under which it arises. The here material provision of our statute is as follows:

"Before a writ of attachment is issued, the plaintiff or some person in his behalf shall make and file with the justice an affidavit stating that the defendant is indebted to the plaintiff in a sum exceeding five dollars, specifying the amount of such indebtedness as near as may be, over and above all legal set-offs, that the same is due upon contract, express or implied, * * * and containing a further statement that the affiant has good reason to believe, either" [then follow eight specified grounds for which the writ may issue]. G. S. 1894, § 5052.

This statute does not provide that the affidavit shall state that it is made by the plaintiff or some person in his behalf. On the contrary, the only condition precedent to the issuing of the writ, so far as it depends on the affidavit, is that the plaintiff or some person in his behalf shall make and file with the justice an affidavit stating, not that the affiant is the plaintiff, or that he makes the affidavit in his behalf, but that the defendant is indebted to the plaintiff in a certain sum, the amount thereof, that it is due on contract, and a further statement of one or more of the grounds for the attachment named in the statute. The statute does not provide how it shall be made to appear that the affidavit is made by the plaintiff or in his behalf. The usual and commendable practice is to state such fact in the affidavit. The question, however, is not whether this affidavit is a lawyer-like one, but whether it gave the justice jurisdiction to issue the writ. This affidavit stated every fact made necessary by the statute to be stated therein to authorize the issuance of the writ; and, while it did not on its face expressly state that it was made in behalf of the plaintiff, yet it did appear on its face that the affiant made it solely with reference to the plaintiff's debt against the defendant. The affidavit was filed with the justice as the basis for the writ which was thereupon issued in behalf of the plaintiff; and, further, it sufficiently appeared from the files and records in the attach-

66 M.—19

ment suit, offered in evidence, that the person making the affidavit was the agent of the plaintiff, and made the same in its behalf. This was sufficient to give the justice jurisdiction to issue the writ.

It seems to have been assumed in the case of Smith v. Victorin, 54 Minn. 338, 56 N. W. 47, that the affidavit must, in effect, state that the person making it is the agent of the plaintiff, or that he makes it on his behalf, but it was not so decided. The only question before the court in that case was whether an affidavit for an attachment in a justice's court, which simply recited that the affiant was the agent of the plaintiff, was sufficient, and it was held that it was. The decision in the case cited is not opposed to the conclusion we have here reached.

The defendant urges two other objections to the admission of the documentary evidence here in question, neither of which was made in the court below.

The first is that it does not appear from the return of the officer that a copy of the inventory of the property levied upon was served on the defendant. Assuming this to be so, still it was, at most, an irregularity, which did not affect the validity of the levy. The statute does not make the service of such copy any part of the levy. Adams v. Speelman, 10 N. Y. Supp. 364, 124 N. Y. 666, 27 N. E. 854.

The other is the claim that it appears from the justice's docket offered in evidence that the justice lost jurisdiction of the action in which the writ was issued, by continuing the case for more than one week without any pleadings having been filed; hence that the writ and levy fell with the action. In support of this claim the cases of Holgate v. Broome, 8 Minn. 209 (243), and Mattice v. Litcherding, 14 Minn. 110 (142), are cited. It is unnecessary here either to commit ourselves to the correctness of these decisions, or to criticise them, for the docket entries do not show that the justice lost jurisdiction of the action. It is entirely competent for the parties in an action in justice's court to agree, subject to the approval of the court, when the pleadings shall be filed, and to what time cases shall be adjourned, without affecting the jurisdiction of the justice.

The docket entries show that the parties appeared in the action on September 6, the return day, and agreed that the case should be adjourned to September 14, and that the pleadings should take place on that day. On September 13, the day before the adjourned day, the

parties appeared in court; and, by their agreement, the case was adjourned to September 20,—that is, the adjourned day was changed from the 14th to the 20th day of September. This necessarily carried with it the agreement of the parties that the pleadings were to be filed on the adjourned day. On the adjourned day, the parties appeared, and, without objection, filed their pleadings, and went to trial. The docket entries, therefore, do not show that the justice lost jurisdiction of the case before the pleadings were filed.

The trial court erred in excluding the documentary evidence offered, and for this error the order appealed from must be reversed, and a new trial granted. So ordered.