## BEAM *v.* REYNOLDS.

1. JUSTICES OF THE PEACE—JURISDICTION—ABSENCE OF SUMMONS AND RETURN.

   A justice of the peace does not lose jurisdiction through the absence of the summons and return on the return and adjourned days; both being in his possession, though not in the court-room.

2. SAME—ADJOURNMENT—FAILURE TO OBJECT.

   A second adjournment by a justice of the peace, on motion of plaintiff, defendant and counsel being present and making no objection till after the departure of plaintiff, is equivalent to an adjournment by consent

3. SAME—CERTIORARI—RETURN.

   The return of a justice to a writ of certiorari that an adjournment on motion by plaintiff was against objection implies the presence of defendant at the time of the adjournment.

4. SAME—DOUBTFUL RECORD.

   Plaintiff in certiorari cannot prevail on a doubtful record.

Error to Van Buren; Des Voignes, J.   Submitted May 2, 1906.   (Docket No. 139.)   Decided June 5, 1906.

Assumpsit in justice's court by Sidney Beam against Sylvanus G. Reynolds and another for goods sold and de-

livered. Plaintiff recovered judgment, and defendant Reynolds appealed to the circuit court by writ of certiorari. There was an order vacating the judgment of the justice's court, and plaintiff brings error. Reversed, and judgment entered for plaintiff.

*Eugene W. Lawton*, for appellant.

*Benton & Adams* (*W. J. Barnard*, of counsel), for appellee.

HOOKER, J. The plaintiff having recovered a judgment against both defendants in justice's court, the cause was reversed at circuit, after the filing of an amended return. The plaintiff brought the case to this court by writ of error.

The summons was returnable on October 13th. Upon that day the cause was adjourned to October 14th and on this latter day it was again adjourned to October 16th on plaintiff's motion, but without a showing upon oath. At this time both parties were in court, plaintiff declared, the other defendants confessed judgment, and defendant Reynolds, appearing by counsel, refused to take part in the proceedings upon the ground that the court had no jurisdiction. Judgment followed, and Reynolds removed the cause to the circuit court by certiorari, alleging the following errors:

1. Because the second adjournment was in violation of the statute, 1 Comp. Laws, § 791, no showing on oath being made. The justice thereby lost jurisdiction.

2 and 3. That the failure of the officer to have his summons in court on the return and adjourned days worked a discontinuance of the cause.

4. Failure of the plaintiff to show diligence to obtain testimony made the adjournment erroneous and jurisdiction was lost.

5. Failure to require a showing under oath rendered the second adjournment invalid, which was fatal to the jurisdiction.

The judgment was reversed upon the ground that the

cause was adjourned twice in the absence of defendant without showing upon oath.

After the first return, the court made an order that a further return be made, it appearing by affidavit, etc., that the return theretofore made was incomplete and erroneous. In the further return the justice stated: That on October 13th the summons was returned personally served on October 7th by the constable, and that the cause was adjourned to October 14th at his office. That on October 14th plaintiff appeared in person, defendant Reynolds by attorney, and that on motion of plaintiff, no objection being made by defendant or his attorney, the cause was adjourned to October 16, 1905, at 10 a. m., at the justice's office aforesaid. That no person made any objection, or stated any reason why an adjournment should not be granted. That after the plaintiff left the court-room defendant's counsel filed three objections to the jurisdiction of the court, one of which was that the court had lost jurisdiction (if it ever had it) by the adjournment without showing that a diligent attempt to secure a material witness had been made. Further, that on October 16th a motion was made to dismiss the action for want of jurisdiction:

1. Because no special showing on oath was made to adjourn the case on October 14th.

2. Jurisdiction was lost by the absence of the summons and return, on the return and adjourned day.

That said motion was overruled, because (1) plaintiff asked for the adjournment and no objection was made. (2) The summons and return had been duly returned to the justice and were in his possession at the time, and no request had been made to see them.

Two questions were reviewable by the circuit court:

1. Was the absence of the summons and return a fatal defect in the proceedings, resulting in loss of jurisdiction?

2. Was the second adjournment void, terminating jurisdiction?

144 MICH.—25.

The justice did not lose jurisdiction through the absence of the writ and return. Both were in his possession, though not in the court-room. He so returns specifically, and his return is conclusive. Ordinarily a second adjournment, in the absence of the defendant, is fatal, unless upon a motion supported by the oath of some one. In this case the return shows that the defendant and counsel were present, and did not object to the granting of the adjournment until after the plaintiff had gone. This was equivalent to an adjournment by consent. Tiffany's Justice's Guide (1905), p. 303; *Dunham* v. *Heyden*, 7 Johns. (N. Y.) 381; *Kilmore* v. *Sudam*, 7 Johns. (N. Y.) 529. See, also, *Patterson* v. *McRea*, 29 Mich. 258.

We are asked to consider some inconsistencies between the two returns, and to find, as did the learned circuit judge, that it appears from said returns that the first and second continuances were made in the absence of defendant. The first return states that the second adjournment was against objection. This implies the presence of defendant. The second states that defendant and his counsel were present, and on motion of plaintiff for cause shown (but without oath), defendant or his attorney not objecting, the adjournment was made. The plain inference is that the defendant was present at the time this took place, and under the settled rule a plaintiff in certiorari cannot prevail upon a doubtful record.

The judgment is reversed, and that of the justice affirmed.

MCALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.