## TROY v. RODGERS.

1. JUDGMENT—CONCLUSIVENESS—COLLATERAL ATTACK—JUSTICES OF THE PEACE.

    A justice's judgment cannot be collaterally attacked by proof that a judgment was entered after the ten-day limit fixed by Act No. 475, Local Acts 1903, as amended by Act No. 660, Local Acts 1907, without the defendant's consent, where the record shows the consent of both parties to the irregular continuance.

2. JUSTICES OF THE PEACE—ADJOURNMENT—JUDGMENT.

    Under the acts applicable to the city of Detroit, the justice who had jurisdiction of the parties and subject-matter had no authority ten days subsequent to the trial for any purpose except to render judgment.

3. SAME—ESTOPPEL.

    Consent to an irregular adjournment, with knowledge of the facts, creates an estoppel to insist on a discontinuance thereby.

Appeal from Wayne; Murphy, J. Submitted February 15, 1910. (Docket No. 153.) Decided July 14, 1910.

Judgment creditor's bill by John F. Troy against Lillian Rodgers. From a decree for complainant, defendant appeals. Affirmed.

*Allan P. Cox*, for complainant.

*Clark, Lockwood & Bryant*, for defendant.

McALVAY, J. Complainant filed a judgment creditor's bill in the Wayne circuit court, in chancery, based upon a judgment rendered by a justice of the peace of the city of Detroit July 3, 1908, a transcript of which had been duly filed. From a decree rendered in said suit in favor of complainant in the usual form in such cases, the defendant has appealed to this court.

Defendant contends that the judgment of the justice's court was void, and therefore formed no basis for a judgment creditor's bill. This is the only question presented in the case. There is no dispute as to what the transcript of the justice's docket shows.

The suit was commenced by a summons which was personally served, and on the return day the parties appeared, and an issue was joined in an action of assumpsit. Several adjournments were had, a deposition was taken and returned into court, and on June 11, 1908, the parties being present in court, the evidence in the case on both sides was taken. Afterwards two further adjournments were had, the last one by consent to June 20, 1908, 9 a. m. Up to this point in these proceedings no dispute arises. To show the record, and to make more clear the contention, the balance of this transcript is given. It reads:

"June 20, 9 a. m. Case called, parties in court. Defendant files brief and decision reserved to June 30, 1908, 9 a. m. June 30. Decision reserved to July 3, 1908, by consent of parties. July 3. I rendered judgment in favor of plaintiff and against defendant for two hundred fifty-five 8 /100 dollars damages, and $1.75 costs. [Signed]," etc.

The justice's court act of the city of Detroit (Act No. 475, Local Acts 1903), as amended by Act No. 660, Local Acts 1907, among other things, provides:

"SEC. 5.   *   *   *   They shall also have power to hold all cases for final decision not more than ten days: *Provided*, They announce the day upon which they will render final judgment."

It is contended that the extension of the time from June 30th, the date fixed by the justice and being the statutory limit of 10 days, to July 3d, was without authority, and operated to oust the justice of jurisdiction of the case, and that the judgment entered upon the day last named was consequently void. It was claimed on the hearing by complainant that the extension of time was an adjournment by consent of parties. To meet this claim defend-

ant offered evidence tending to show that the transcript of the justice's docket did not correctly state the facts as to the extension of time from June 20th to July 3d being made "by consent of parties." 'This transcript cannot be attacked collaterally. *Miller* v. *Smith*, 115 Mich. 427 (73 N. W. 418, 69 Am. St. Rep. 583), and cases cited; *Cole* v. *Potter*, 135 Mich. 326 (97 N. W. 774, 106 Am. St. Rep. 398).

The case must be determined by the construction which is put upon the justice's act of Detroit, above quoted. At the time this extension was made the court had jurisdiction of the case under this law for the purpose of rendering final judgment. Of his own motion he had no jurisdiction for any other purpose, and must render his decision at that time. This is admitted to be the law in this State. *Harrison* v. *Sager*, 27 Mich. 476; *Brady* v. *Taber*, 29 Mich. 199. From aught that appears in this record the justice was ready to render judgment on June 30th, but the decision was reserved to July 3d by the action or consent of the parties. May it not be said that, in view of such conduct on the part of the parties, they are estopped to claim a discontinuance? A party who, with knowledge of the facts, applies for, or consents to, an irregular continuance or adjournment, is estopped afterward to insist, to the prejudice of the other party, that the action was thereby discontinued. 24 Cyc. p. 489.

In *Patterson* v. *McRea*, 29 Mich. 258, it was held that a defendant who has requested, or at least consented to, an adjournment of a suit in justice's court on account of the sickness of the justice, will not be heard to complain that such adjournment was on the justice's own motion, and, being for more than six days, worked a discontinuance so as to deprive the justice of jurisdiction to further proceed with the cause. The above case was cited and applied in *Blair* v. *Compton*, 33 Mich. 414.

In *Fischer* v. *Cooley*, 36 Neb. 626 (54 N. W. 960), where adjournment beyond 90 days, under the statute, worked a discontinuance of the cause, and ousted the

court of jurisdiction, it was held that the rule was otherwise where such continuance was granted by consent, or on the agreement of the parties. The party on whose application a cause in justice's court is adjourned beyond the period limited by the statute is estopped to claim a dismissal by reason of such adjournment. To permit him to do so would be to allow him to reap a benefit from his own acts to the prejudice of the other party. *Jennerson* v. *Garvin,* 7 Kan. 136; *West* v. *Berg,* 66 Minn. 287 (68 N. W. 1077).

In *Beam* v. *Reynolds,* 144 Mich. 383 (108 N. W. 83), it was held that a second adjournment by a justice, on motion of the plaintiff, defendant and counsel being present and making no objection until after the departure of plaintiff, was equivalent to an adjournment by consent. In that case Justice HOOKER, who wrote the opinion, said:

"Ordinarily, a second adjournment, in the absence of the defendant, is fatal, unless upon a motion supported by the oath of some one. In this case the return shows that the defendant and counsel were present, and did not object to the granting of the adjournment until after the plaintiff had gone. This was equivalent to an adjournment by consent. Tiffany's Justice's Guide (1905), p. 303; *Dunham* v. *Heyden,* 7 Johns. (N. Y.) 381; *Kilmore* v. *Sudam,* 7 Johns. (N. Y.) 529; see, also, *Patterson* v. *McRea,* 29 Mich. 258."

The ruling in the above case is perfectly consistent with the ruling in the recent case of *Adams & Ford Co.* v. *Cullen,* 159 Mich. 669 (124 N. W. 549), where it was held that a justice loses jurisdiction by adjourning a case, without showing on oath that it is necessary, the adjournment being for the purpose of obtaining a surety, *and against the objection of the defendant.*

The adjournment in this case having been made by and with the agreement of the parties, we think that it better comports with justice to hold the parties to their agreement, and apply the doctrine of estoppel.

The decree of the circuit court is affirmed, with costs.

HOOKER, MOORE, BROOKE, and STONE, JJ., concurred.