JOHN TONGUE, APPELLANT, V. R. D. LLOYD ET AL., AP-
PELLEES.

FILED NOVEMBER 27, 1912.   No. 16,820.

**Justice of the Peace:** CONTINUANCE: REVIEW: FINAL ORDER. The con-
tinuance of a civil suit by a justice of the peace for more than
90 days from the return day of the summons, without the con-
sent of the parties, is a discontinuance of the action, and there-
fore a final order, which may be reviewed by proceedings in
error in the district court.

APPEAL from the district court for Polk county: BEN-
JAMIN F. GOOD, JUDGE. *Reversed with directions.*

*Mills, Mills & Beebe,* for appellant.

*E. E. Stanton* and *C. S. Roe, contra.*

REESE, C. J.

This action was commenced before a justice of the peace
of Polk county. The summons was issued on the 30th day
of August, 1909; the 9th day of September being set for
the trial. On that day the parties appeared, and, by
agreement, the cause was continued to October 9. On
October 9 a further continuance was had to November 9,
on the motion of plaintiff. On that day the cause was
again continued to December 9 by agreement of the parties.
December 9, the parties appeared, when, on motion of de-
fendants, and over the objection and exception of plaintiff,
a continuance was had for an additional 30 days, to Janu-
ary 8, 1910. The objection to the continuance was based
upon the ground that the order extended the continuances
for more than 90 days from the return day of the summons.
Plaintiff then presented the case to the district court by
petition in error, upon the contention that the order
worked a discontinuance and dismissal of the case, and
was therefore final. This view seems not to have been en-
tertained by the district court, and the petition in error
was dismissed at plaintiff's costs. Plaintiff appeals.

Defendants have filed no brief, nor have they appeared

in this court further than to acknowledge service of the notice of appeal, and we are left wholly in the dark as to to their theory of the case, or the views of the district court.

Sections 960 and 961 of the code provide that a case may be adjourned for 30 days upon the application of either party, either on the return day or any subsequent day to which the cause may stand adjourned, "but not to exceed 90 days from the time of the return of the summons, upon compliance with the provisions" of the statute. If the adjournment, without plaintiff's consent and over his objection, for more than 90 days worked a dismissal of the case, and the justice thereby lost jurisdiction to proceed further without the consent of the parties, the order was final, and the proceeding in error would lie. We are not aware that this identical question has ever been before us. In *Fischer v. Cooley,* 36 Neb. 626, the final adjournment, beyond the 90 days, was had by the agreement of the parties to the suit, and, for that reason, it was held that jurisdiction was not lost; but we said: "Under said section (961), when a justice of the peace adjourns a suit pending before him, without the consent of parties, for more than 90 days from the return day, it operates as a discontinuance." In Maxwell, Practice in Justices' Courts (5th ed.) 129, it is said: "Without consent of the parties, the court has no authority to adjourn a cause more than 90 days from the return day of the summons. An adjournment exceeding that time, without consent of the parties, operates as a discontinuance of the action"—citing *Dunlap v. Robinson,* 12 Ohio St. 530. While the exact question here presented was not involved in that case, the logic of the opinion sustains the text in Maxwell's Justice Practice. In the body of that opinion it is said: "His (the justice) power of adjudication is derived from the statute, and, if not exercised within the time allowed by law, it is clearly lost; and the cause is no longer pending before him. The legal effect of such a failure in duty is a discontinuance of the action. So, jurisdiction may be lost by an adjourn-

ment of the suit, without consent of parties, for a longer time than the statute permits. Such unauthorized adjournment, or other neglect of duty by the justice, which prevents a hearing and determination of the suit within the proper time, it has been repeatedly held, works a discontinuance of the action."

The judgment of the district court is reversed and the cause is remanded to that court, with direction to reverse the ruling of the justice of the peace, with costs to plaintiff, and retain the cause for trial, as provided by section 601 of the code.

REVERSED.