CLIFTON A. PERKINS, trading as PERKINS AIR WATER LIFT SYSTEM,

*vs.*

THE WESTINGHOUSE AIR BRAKE COMPANY and WALTER S. BURRIS, Sheriff.

*New Castle, Aug.* 2, **1913.**

An adjournment may be taken by a justice of the peace, or referees, to consider the evidence.

Adjournments by a justice of the peace must be to a fixed date.

An adjournment by a justice of the peace, except to a fixed date, is error reversible on *certiorari.*

A judgment cannot be entered by a justice of the peace otherwise than on the day to which the cause was adjourned.

An irregular adjournment by a justice of the peace is waived by a subsequent appearance in the cause.

If an irregular adjournment is taken by a justice of the peace at the request, or with the consent, of a party, that party cannot subsequently take advantage of such irregularity.

Even if the parties are entitled to notice of the entry of a judgment after an indefinite continuance taken by a justice of the peace, it is inequitable to give to a party who is not diligent any advantage of the absence of such notice.

BILL TO ENJOIN THE COLLECTION OF A JUDGMENT. The complainant was sued by the Westinghouse Air Brake Company, one of the defendants, before a justice of the peace on December 3, 1912, for the price of goods, sold and delivered, and after several continuances the parties appeared and on March 14, 1913, a hearing was had. The record of the justice of the peace shows an adjournment to March 28, 1913, "pending the decision of the justice," and another adjournment to April 4, 1913, and that on April 4th judgment was given in favor of the plaintiff. Later, upon a return of *nulla bona* to a *fieri facias* execution on this judgment, a transcript of the judgment was filed in the Superior Court on April 28, 1913, and an execution issued thereon.

By his bill the complainant says that the cause before the justice of the peace was not in fact adjourned to March 28th and further adjournment taken to April 4th; but that at the close of the hearing had on March 14th the cause was not adjourned to a fixed date, or any adjournment in fact made, and that the statement in the record of these adjournments was fraudulent and false; that judgment was entered on April 4th by the justice of the peace in the absence and without the knowledge of the complainant, who did not know of the judgment until May 7th, which was after the execution had been in the hands of the sheriff; and that the complainant would have taken an appeal from the judgment had he known of the entry of it in time. And the complainant further alleged: "Your orator believes that he is not indebted in any sum whatsoever to the said the Westinghouse Air Brake Company, and avers that if he be at all indebted, it is in amount greatly less than the amount for which judgment was rendered against him by the said justice of the peace."

The prayer was to enjoin the collection of the judgment, and on presentation of the bill a rule for a preliminary injunction was issued. At the hearing of the rule, a motion was made to discharge the rule and dismiss the bill because there was no allegation that the complainant had a meritorious defense to the suit before the justice of the peace.

*Saulsbury and Morris*, for the complainant.

*Christopher L. Ward*, for the defendants, urged in favor of the motion:

Equity interferes only to prevent injustice where there is equitable ground for interference. It cannot say that injustice is being done, unless it knows what defense the defendant was prevented from asserting on the appeal. A bill which fails to allege a meritorious defense and state its details is defective. For this, and for the insufficiency of the particular allegation of the bill, quoted above, the opinion of Chancellor Nicholson in *Emerson v. Gray*, 63 *Atl.* 768, was cited.

THE CHANCELLOR sustained the view as to the insufficiency of the allegation as to the character of the defense upon the authority cited.

Thereupon leave was granted to the complainant to amend his bill, and the rule for a preliminary injunction was continued. Later the complainant filed an amendment to the bill, setting out in detail the character of the defense, and alleging it to be a good and meritorious defense. It was further alleged that the defendant, the Westinghouse Air Brake Company, appeared by counsel before the justice of the peace and knew that at the conclusion of the cause there it had not been adjourned to any fixed date. At the further hearing of the rule after the amendment, affidavits were filed. The complainant, by affidavit, denied receiving from the justice of the peace notice of his intention to render judgment on April 4th, or of the rendering of the judgment, and denied receiving any notice whatsoever that the judgment had been rendered, except as stated in the bill, meaning until May 7th, which was after the execution *fieri facias* was in the hands of the sheriff.

By the affidavit of the justice of the peace it appeared that at the hearing before him on March 14th, the complainant claimed as an offset or defense to the amount demanded an allowance for certain freight on the goods sold to the complainant and for the price of which the suit had been brought; and

that the decision was delayed as a favor to the complainant and to permit him to produce freight bills to establish the claim for such allowance. Later the complainant appeared before the justice of the peace and produced freight bills, but whether this was before, or after, March 28th, the justice of the peace could not say; that after considering the freight bills, the justice of the peace made an allowance in favor of the complainant, and on April 4, 1913, entered the judgment; that the case was marked on the record as adjourned from March 14th to March 28th because a justice of the peace cannot adjourn a cause for more than fifteen days; that he could not say whether or not, pursuant to his instructions, his clerk gave notice to the complainant of the entry of the judgment; and that the complainant never made any inquiry as to the judgment after the rendering of it on April 4, 1913.

The clerk of the justice of the peace by affidavit stated that she was instructed by him to make up the record and to notify the complainant of the entry of the judgment, but could not say that the notice had actually been sent to him.

THE CHANCELLOR. The complainant is the defendant in a suit brought against him before a justice of the peace by the defendant, and the record in that cause is regular, showing jurisdiction properly acquired and retained by successive continuances by the magistrate to fixed dates, pending his decision. But these entries in the record are alleged to be untrue and this is admitted. The facts are that after both parties to it were there heard, an adjournment was taken by consent of the parties, not to a definite time fixed, but indefinitely. The purpose of this delay was to enable the complainant to produce to the justice of the peace certain evidence which would, and did, establish for the complainant an offset to the amount for which he was sued. No notice was given by the justice of the peace, either before or after the entry of judgment, that he would enter, or had entered it. By reason of his not knowing of the entry of the judgment the complainant lost, among other rights his right to take an appeal from the decision of the justice of the peace, though he had what is here assumed to be a meritorious defense.

The complainant urges that he was entitled to notice of the entry of judgment by the justice of the peace; that the irregular adjournment ousted the jurisdiction of the justice of the peace to enter the judgment; and that as these irregularities do not appear of record so as to be reversible by *certiorari*, this court has jurisdiction to restrain the execution on the void judgment. For this, *Corwithe v. Griffing*, 21 *Barb*. (*N. Y.*) 9; *Campbell v. Durand* (*Utah*) 115 *Pac*. 986, 990; and 23 *Cyc*. 992, are cited. This, however, is not conceded by the defendant to be the law. It is unnecessary, however, to pass upon this point if, as the defendant claims, the judgment was valid even though the facts upon which the complainant relies to invalidate it had been stated on the record of the magistrate. An examination of the authorities seems clearly to sustain this contention of the defendant.

The jurisdiction of a justice of the peace is statutory and the procedure in civil causes is prescribed. After the parties are brought into court by summons and a hearing had then an adjournment may be taken to enable the magistrate to consider the evidence. *Kinniken v. Kinney*, 4 *Harr*. 313; *Mousely v. Allmond*; 4 *Harr*. 92. And referees may do likewise. *Deputy v. Betts*, 4 *Harr*. 352. But as there are no terms in the court of the justice of the peace, it must be to a fixed time within fifteen days. An adjournment or continuance by a justice of the peace of a cause indefinitely, and otherwise than to a fixed date, is error, and the judgment entered in the cause would be reversible on *certiorari*. This is conceded by counsel and is established in Delaware. A justice of the peace cannot adjourn a cause indefinitely and without fixing a time to which it is adjourned. *Jaques v. Rice*, 1 *Harr*. 33; *Barr v. Chaytor*, 3 *Harr*. 492. A record is faulty which shows that judgment was entered on any day other than that to which the cause was adjourned. *Redden v. Stewart & Townsend*, 1 *Harr*. 495; *Lewis v. Couper*, 2 *Harr*. 74. As a general rule, any unauthorized continuance or adjournment of a cause ousts a justice of the peace of jurisdiction to take further action on it. 24 *Cyc*. 580, and cases cited there. This is not disputed as a proposition of law. Of course a writ of *certiorari* would not lie in this

case, because the fact of an indefinite adjournment does not appear of record.

The crucial point to decide is whether the error of the justice of the peace in taking indefinite adjournment renders the judgment thereafter entered by him void, or voidable only; for it to be voidable only, and the magistrate has lost jurisdiction only of the person of the defendant, then a reappearance by the defendant in the cause, or perhaps his request for, consent to, or acquiescence in the error, restored jurisdiction, or nullified the error of the magistrate; whereas if the effect of the error is to oust the magistrate of jurisdiction, not only of the person of the defendant, but also of the cause, then the reappearance or consent of the defendant could not restore jurisdiction or nullify the effect of the error.

In four Delaware cases irregularities respecting adjournments appearing in the record of suits before justices of the peace were held on *certiorari* to have been waived by a subsequent appearance in the cause of the parties and their going to trial. In *Wright v. Hayes*, 2 *Harr.* 389, 390, the record showed adjournments without an application being made therefor by either party. By subsequently appearing and going to trial on the day to which the case stood adjourned they waived any objection to the previous adjournment "if that were irregular." Later, where the facts were similar, in *Figgs v. Mumford*, 1 *Pennewill* 267, 40 *Atl.* 193, Lore, C. J., cited and quoted and relied on *Wright v. Hayes* as an authority for a like ruling. In *Lynch v. Hill*, 4 *Harr.* 312, and *Deputy v. Betts*, 4 *Harr.* 352, it was held that other irregularities shown on the record as to adjournments, which would otherwise have been fatal, were cured by a subsequent appearance in the cause. This seems to settle the point that the irregularity of the indefinite adjournment made by the justice of the peace in this case was waived by the subsequent appearance in the cause of the complainant and the submission by him to the justice of the peace of evidence to establish a set off. They also show that in this State irregularities in the adjournment of a cause before a justice of the peace do not oust the magsitrate of jurisdiction of the cause, and show that a prior consent to such irregularity, or sub-

sequent appearance in the cause, give the magistrate power to enter a judgment therein.

It is also settled that if an irregular adjournment or continuance be granted on the application of, or with consent of, a party, that a party cannot subsequently take advantage of such irregularity.    24 *Cyc.* 489; *Patterson v. McRea*, 29 *Mich.* 258; *Fischer v. Cooley*, 36 *Neb.* 626, 54 *N. W.* 960; *Town of New Haven v. Rogers;* 32 *Conn.* 221.

The complainant relies on irregularities in the adjournments and continuances of the cause, but has either waived them by subsequently appearing before the magistrate and submitting evidence, or because of his previous request for such irregular adjournments and continuances, which were for his own benefit solely, he cannot now take advantage of such irregularities.    It follows that if every irregularity in the proceedings in the suit before the justice of the peace appeared of record, still the judgment would have been held valid on *certiorari* in the Superior Court.

It is further contended by the complainant that inasmuch as the justice of the peace after hearing all the evidence withheld his decision, without taking a regular adjournment to a particular day and hour, and was, therefore, required to notify the parties of the time at which judgment would be rendered, and because he failed to give such notice, the judgment was entered irregularly.    There is authority for the rule which entitles parties to such notice.    24 *Cyc.* 597; *Clark v. Read*, 5 *N. J. Law* 486; *Edwards v. Hance*, 12 *N. J. Law* 108; *Sluga v. Walker*, 9 *N. D.* 108, 81 *N. W.* 282.    There are some serious consequences and practical difficulties in adopting this rule, which need not here be considered.    But there are in this case facts which would make it inequitable to give to this complainant the benefit of this rule in this case.    He has not been diligent in protecting his rights.    Knowing that the rendering of a decision had been delayed by the justice of the peace at the request and for the sole benefit of the complainant, no inquiry was made by him as to the result for more than a month, and he was not aware of the entry of it until after the execution was in the hands of the sheriff.    Equity helps only those who are

more diligent than the complainant has so far shown himself to have been.

There is no evidence as to any fraud either on the part of the magistrate, or of the defendants. The complainant was not deprived of any right because of any representation either of the magistrate, or the defendants, or by reason of any act of either, of which he was not aware, or which he should have known. The knowledge of counsel for the plaintiff in the suit before the justice of the peace of the error of the magistrate did not show fraud. No evidence of accident or mistake, or of a lulling into a false security by reason of anything said, or done, either by the magistrate or the defendants, or deceit practiced by any one towards the complainant is shown or even averred. True, the magistrate on his record set out an adjournment from March 14th to March 28th, which was not literally true, for no such adjournment was in fact taken on March 14th, the time of the hearing. But the complainant having asked for time to present further evidence was not deceived, defrauded or injured by the entry on the record by the justice of the peace of an adjournment by him of the cause from March 14th to March 28th in order to comply with the law limiting the time within which such causes could be adjourned; and hence there were present none of the elements of fraud with respect to such entry.

As the matter now stands, and on the facts now before the court, it seems clear that the complainant is not entitled to have the judgment vacated, or the execution stayed. The reasons for this conclusion have been stated fully, because the material facts do not seem to be disputed. The restraining order will be dissolved.