In RE ESTATE OF FLOYD O. GREEN.
H. P. LAU COMPANY, APPELLEE, v. CHARLES R. ELGAS,
ADMINISTRATOR, APPELLANT.

FILED MARCH 16, 1918. No. 19829.

1. **Justice of the Peace: ADJOURNMENT.** Section 8406, Rev. St. 1913,
   providing that upon return day a justice of the peace may, with-

out consent of parties, adjourn the trial for a period not exceeding eight days "if the justice be actually engaged in other official business," does not authorize the justice to make such adjournment at a time subsequent to the return day.

2. ————: ————: JURISDICTION. An unauthorized continuance or adjournment of a case will oust a justice of the peace of jurisdiction to take any further action in it.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*R. J. Greene,* for appellant.

*Burkett, Wilson & Brown, contra.*

CORNISH, J.

On return day, March 3, on application of defendant, an action in justice court was continued to April 2, and again to April 22. Upon the last-mentioned date an order was entered as follows: "April 22, 1908. The court being otherwise engaged, this case continued on the court's own motion to April 27, 1908, at 1 p. m." At 2 o'clock p. m., on April 27, defendant's default was entered, trial had, and judgment entered. Had the court jurisdiction to enter judgment at that time?

When the record of a justice court shows that jurisdiction has once attached, as in this case, the presumption that such proceedings were regular will be indulged until the contrary is shown. *Kuker v. Beindorff,* 63 Neb. 91. An unauthorized continuance or adjournment of a cause will oust a justice of jurisdiction to take any further action in it. 24 Cyc. 488, 576. Sections 8406, 8407, 8408, 8532, Rev. St. 1913, are controlling (sections 8407, 8408, amended by chapter 102, Laws 1915). They contain an explicit statement of what adjournments may be had. An adjournment on return day for not exceeding eight days, without consent of parties, "if the justice be actually engaged in other official business," is provided for. By necessary implication, it would seem that an adjournment for this reason on any other day is not permitted. *Stadler v. Moors,* 9 Mich. 263. No

doubt if, when the time arrives to which a case has been adjourned, the justice is engaged in the trial of another case, then the adjourned case must wait until the conclusion of the other trial. It would seem impossible to indulge the presumption that such was the situation here. The cause appears to have been adjourned under the mistaken notion that the above provision of the statute applies. Such adjournment operated to divest the justice of further jurisdiction of the cause and to make the judgment void.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.