CARL T. WAGNER, APPELLEE, v. UNION STOCK YARDS COMPANY: WALKER D. HINES, APPELLANT.

FILED FEBRUARY 16, 1922. No. 21698.

1. Continuance: JURISDICTION. The municipal court has jurisdiction to try a case and enter judgment against defendant, notwithstanding the adjournment of the case for more than 90 days, where the adjournments were on the application of the defendant, or by consent of the parties.

2. ———: ———. Where, in an action pending in the municipal court, continuances were had beyond the period of 90 days by agreement of parties, and, on a date to which the case had been continued by agreement, the record shows, "This cause is continued indefinitely by agreement of the attorneys, to be taken up at such time as attorneys agree upon, or fixed by the court for trial," held that, under such stipulation, the court had jurisdiction to try the case and enter judgment on a date fixed by the court.

Wagner v. Union Stock Yards Co.

3. ——— : ———. Where, in such case, the muncipal court on the date for which a case is set for trial is actually engaged in the trial of another case, and, for that reason, adjourns the case until the following day, jurisdiction is not lost.

4. Evidence examined, and *held* sufficient to sustain verdict.

5. Railroads: Costs: Attorney's Fees. The taxing of an attorney's fee as a part of the costs under the provisions of section 6063, Rev. St. 1913, as amended by chapter 134, Laws 1919, not being a fine, penalty, or forfeiture, may be taxed as a part of the costs in an appropriate action against the director general of railroads.

6. Parties. On motion of plaintiff the name of James C. Davis, director general and agent, is substituted as defendant, instead of Walker D. Hines, director general of railroads.

Appeal from the district court for Douglas county: Lee S. Estelle, Judge. *Affirmed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,* for appellant.

*Arthur C. Pancoast, contra.*

Heard before Morrissey, C. J., Aldrich, Flansburg and Rose, JJ., Brown and Eldred, District Judges.

Eldred, District Judge.

This is an action brought in the municipal court of Omaha, Douglas county, Nebraska, to recover damages for the loss of one hog from a shipment of mixed live stock made by the plaintiff from Hooper, Nebraska, to South Omaha, Nebraska; the shipment being consigned to the Farmers Union Live Stock Commission Company. In the municipal court, judgment was rendered in favor of the plaintiff and against the defendant director general of railroads, and in favor of the defendant Union Stock Yards Company. The defendant director general of railroads appealed the case to the district court for Douglas county, where the judgment was again in favor of the plaintiff, and the defendant has brought the case here for review.

In the district court, the director general moved that

the action be dismissed, for the reason that the municipal court did not have jurisdiction at the time it rendered judgment therein.   The overruling of this motion is the principal error urged.

The transcript shows that the plaintiff filed a bill of particulars in the municipal court June 17, 1919, and that summons was issued returnable June 24, 1919.   After several previous adjournments the record shows:

"October 7, 1919, this cause is continued indefinitely by agreement of the attorneys, to be taken up at such time as attorneys agree upon, or fixed by the court for trial."

"December 10, 1919, set for trial December 17, 1919, at 1:30 p. m., by agreement of attorneys."

"December 17, 1919, at 2 p. m., the parties appeared and cause came on for trial.  *  *  *  The defendant moved court to dismiss action for reason that the evidence is not sufficient.  Motion taken under advisement until December 18, 1919, at 9 a. m."

"December 18, 1919, at 9 a. m., the attorneys for the plaintiff and the defendants appeared and motion was overruled, and the cause continued to January 19, 1920, at 2 o'clock p. m., to take further testimony and for further trial, on the request of the plaintiff."

"January 19, 1920, at 2 o'clock p. m., the court being engaged in the trial of another case,  *  *  *  this cause is continued to January 20, 1920, at 2 p. m."

"January 20, 1920, at 2 p. m., this cause came on for further hearing of testimony  *  *  *  and for submitting to the court all the evidence and arguments of attorneys.   The court took the case under advisement until January 22, 1920, at 2 p. m."

January 22, 1920, at 2 p. m., the judgment was rendered by the municipal court from which appeal was taken.

The municipal court did not lose jurisdiction to enter a judgment in this case, notwithstanding the adjournment of the case for more than 90 days, where such adjourn-

ments were on application of the defendant, or by consent of the parties. *Fischer v. Cooley,* 36 Neb. 626; *In re Estate of Green,* 102 Neb. 306.

It is apparent that all adjournments of the case, after the expiration of the ninety-day period, and prior to January 20, 1920, were made by the consent of both parties. It would also seem that the defendant participated in the proceedings had on January 20, as the record indicates that the case was submitted to the court on "the evidence and arguments of attorneys."

Where the record shows the jurisdiction of the municipal court has once attached, as in this case, the presumption that subsequent proceedings were regular will be indulged in until the contrary is shown. *Kuker v. Beindorff,* 63 Neb. 91; *In re Estate of Green,* 102 Neb. 306. The record indicating that the attorney for the defendant participated in the proceedings had on January 20, 1920, jurisdiction was not lost. Had the defendant not appeared on the date to which the case was adjourned, still, it appearing that the court was on the 19th day of January, 1920, actually engaged in the trial of another case, the adjournment of the case, for that reason, until the following day, would be authorized. *In re Estate of Green, supra.*

There is another reason why the court did not lose jurisdiction in this case. On October 7, 1919, the parties agreed in open court that the cause should be continued indefinitely to be taken up at such time as the attorneys agreed upon, "or fixed by the court for trial." If the parties did not specifically consent to the adjournment of the case to the date on which the trial was finally completed, it was at least a date "fixed by the court for trial." The defendant, having made such agreement, ought not now be heard to complain of the action of the court in pursuance thereof.

It is contended that the evidence was not sufficient to sustain the verdict; that it did not appear that the plaintiff was the owner of the hog that was lost; nor that it

was lost by the defendant.    These were questions of fact, properly submitted to the jury.    We have examined the record and conclude that the evidence was sufficient to sustain the verdict.

Some complaint is made of the rulings of the court in excluding testimony offered to show other shipments from the station at Hooper, on the date in question, to the same consignee at South Omaha, and the possibility of plaintiff's hog becoming intermingled with one of such shipments.    Such evidence was immaterial under the issues in this case, and was properly excluded.

Finally, it is urged that the court had no authority to tax an attorney's fee as part of the costs; that the statutes of Nebraska relating to the taxation of attorney's fees does not apply to cases where the director general of railroads is defendant, on the theory that the taxation of such fee amounts to a fine, penalty or forfeiture.    General order No. 50 is cited, which provides for the bringing of actions growing out of the possession, use, control or operation of the railroads against the director general, but that the order shall not apply to actions, suits or proceedings for the recovery of fines, penalties or forfeitures.    That the taxation of attorney's fees under the provisions of section 6063, Rev. St. 1913, as amended by chapter 134, Laws 1919, is not a fine, penalty, or forfeiture, and that a reasonable attorney's fee may be properly taxed as part of the costs has been determined in *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.,* 105 Neb. 151; *Marsh & Marsh v. Chicago & N. W. R. Co.,* 103 Neb. 654; *Smith v. Chicago, St. P., M. & O. R. Co.,* 99 Neb. 719.    No satisfactory reason has been suggested why an attorney's fee should not be taxed as a part of the costs in this case against the defendant director general.    An attorney's fee of $50 is allowed for plaintiff's attorney in this court.

Plaintiff has also presented a motion to substitute as defendant the name of James C. Davis, director general of railroads and as agent, under section 206 of the federal

transportation act of February 28, 1920 (41 U. S. St. at large, ch. 91, p. 461), instead of Walker D. Hines, director general of railroads.　This motion is sustained.

The judgment is

AFFIRMED.

FLANSBURG, J., dissents.