DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE *v.* GEORGE.

JUSTICES OF PEACE—COLLATERAL ATTACK ON JUDGMENT.

> Where proceedings before justice of peace and his docket entries show that he acquired jurisdiction of subject-matter and of person of defendant, judgment entered may not be collaterally attacked.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 22, 1931. (Docket No. 177, Calendar No. 35,706.) Decided December 8, 1931.

Case in justice's court by Detroit Automobile Inter-Insurance Exchange and another against Daniel George. Judgment for plaintiffs and body

execution thereunder. *Habeas corpus* by defendant. Writ granted. Plaintiffs appeal. Reversed, and defendant remanded to custody.

*Howard D. Brown* (*Robert G. Jamieson*, of counsel), for plaintiffs.

SHARPE, J. Plaintiffs brought an action in trespass on the case against the defendant before a justice of the peace of the city of Royal Oak. A judgment was recovered, on which a body execution was issued and the defendant taken into custody by the sheriff of Oakland county. Thereupon defendant filed a petition in the circuit court of that county, praying for a writ of *habeas corpus* to inquire into the cause of his detention. In it he averred that he had been served with a summons in a civil suit begun by the plaintiffs before a justice of the peace of the city of Royal Oak; that he appeared in said court on several occasions in reference thereto; that adjournments were had against his protest, and that the judgment was rendered on an adjourned day in his absence, due to his having been informed by plaintiffs' attorney that he need not attend on that day.

The docket entries disclose that defendant was present and pleaded on October 29, 1929, and that the case was adjourned to November 6th, at 2 o'clock p. m., at which time, the plaintiffs being in court by attorney and the defendant not present, the case was held open for one hour, and, the defendant not then appearing, plaintiffs' proofs were submitted and judgment entered in their favor and against the defendant for "Damages $87.35, costs $7.50, total $94.85." The defendant then sought to show, and apparently did satisfy the court, that he was not

present on October 29th for the reason stated in his affidavit. The justice had jurisdiction of the person of the defendant and of the subject-matter. His docket entries disclose a valid and enforceable judgment. A delayed appeal therefrom might have been sought, or perhaps a review of it had in a chancery proceeding. *Garey* v. *Morley Brothers*, 234 Mich. 675. But it cannot be attacked collaterally.

Judicial power is vested in justices of the peace by our State Constitution. Article 7, § 1. By statute, 3 Comp. Laws 1929, § 15981:

"Justices' courts are hereby vested with all such powers, for the purpose of exercising jurisdiction conferred by this chapter, as are usual in courts of record, except the power of setting aside a verdict and arresting judgment thereon."

This court has many times held that, where the proceedings before the justice and his docket entries show that he acquired jurisdiction of the subject-matter and of the person of the defendant, the judgment entered may not be collaterally attacked. In concluding the opinion in *Miller* v. *Smith*, 115 Mich. 427, 433 (69 Am. St. Rep. 583), it was said:

"I think, not only is the weight of authority in favor of the doctrine that a judgment of this character cannot, in a collateral proceeding, be impeached by parol, but that it is in accordance with good sense and common honesty."

The holding in this case has been cited with approval in *Troy* v. *Rodgers*, 162 Mich. 28; *Rohrabacher* v. *Walsh*, 170 Mich. 59; *Hoben* v. *Citizens' Telephone Co.*, 176 Mich. 596; *Clabaugh* v. *Wayne Circuit Judge*, 228 Mich. 207, and *Garey* v. *Morley Brothers*, *supra*.

At the hearing, plaintiffs' counsel insisted that, in any event, attack could not be made by *habeas*

*corpus,* and cited *In re Joseph,* 206 Mich. 659. In view of what has been said, it is unnecessary to pass upon this question.

An order may be here entered vacating and setting aside that entered by the trial court discharging the defendant, with costs to the plaintiffs against the defendant, and remanding the defendant to the custody of the sheriff of the county of Oakland.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.