# OCTOBER TERM, 1895.*

WILCOX *v.* LANTZ.

STATUTE OF LIMITATIONS—JUSTICE'S JUDGMENT DOCKETED UPON TRANSCRIPT IN THE CIRCUIT.

The 10-year period of the statute of limitations, applicable to a justice's judgment when docketed upon transcript in the circuit court, is to be computed from the date of the rendition of judgment by the justice, and not from the time of the entry at the circuit. How. Stat. §§ 6947–6949, 8736.

Appeal from Monroe; Kinne, J. Submitted October 9, 1895. Decided October 22, 1895.

Judgment creditor's bill by John Wilcox against Henry H. Lantz and others. From a decree dismissing the bill upon demurrer, complainant appeals. Affirmed.

*Landon & Lockwood,* for complainant.

*John O. Zabel,* for defendants.

McGRATH, C. J. On April 23, 1881, complainant recovered judgments against one of the defendants in justice's court. Within a few days before the lapse of the six years, complainant filed transcripts of such judgments in the circuit court. In December, 1894, over 13 years after the rendition of the judgments, but within 8 years after the filing of the transcripts, complainant filed his bill to reach real estate alleged to have been fraudulently conveyed away. Defendants demurred to the bill on the ground that the judgments were barred by the statute of

* Continued from Vol. 106.

limitations. The court below sustained the demurrer, and complainant appeals.

3 How. Stat. § 6948, provides that—

"If the plaintiff, his assignee, or the agent or attorney of either of the parties, shall make an affidavit stating the amount due upon such judgment, it shall be the duty of the clerk of the circuit or district court for the county in which such judgment shall have been rendered to file such transcript and security for stay of such execution in his office when requested, and to enter and docket the judgment in a book to be kept by him for that purpose, noting therein the time of receiving it, and the amount sworn to be due."

Section 6949, 2 How. Stat., is as follows:

" Such judgment shall have the same effect as a judgment rendered in the circuit or district court, and may in the same manner be enforced, discharged, and canceled; and execution may be issued thereon against both the surety and the person against whom the judgment was rendered, or either of them, in the same manner as if execution were to be issued by the justice."

This precise question has never been before this court. Complainant relies upon *Arnold* v. *Thompson*, 19 Mich. 333, but there the claim was presented to the commissioners within the 10 years after the rendition of the judgment by the justice. The claim made was that the life of the judgment was six years from its rendition. The court in that case did not hold that the statute applicable to a judgment of the circuit court commenced to run at the date of the entry and docket in the circuit. The case of *Waltermire* v. *Westover*, 14 N. Y. 16, involved the same question.

The language, " enter and docket the judgment in a book," used in section 6948, clearly refers to the judgment rendered by the justice, a transcript of which is presented. The statute does not contemplate the rendition of a judgment by the clerk. It simply clothes the judgment so recorded with the force and effect of a judgment rendered in the circuit. In *Weimeister* v. *Singer*, 44 Mich.

408, it is said that "it would be an abuse of terms to call it a judgment rendered in a circuit court." It is by virtue of the filing of the transcript, and the entry and docket, or record, that the judgment is given certain effect. The circuit court thereafter, by virtue of the statute, controls the proceedings upon that judgment; but that entry does not strengthen the judgment, or conclude the judgment debtor as to any defenses which were open before that entry. The statute operates upon a pre-existing adjudication, and does not contemplate a new rendition.

In 1885 an act was passed providing for the transfer of a judgment from the docket of one justice to that of another in a different county. The language of that act is that—

"It shall be the duty of the justice of the peace to whom such transcript shall be sent, on receipt of the same, to enter said judgment in full upon his docket, noting thereon the time of receiving it, and the amount sworn to be due thereon. Such judgment shall have the same force and effect as if it had been rendered by the justice so receiving it in the first instance, and may," etc. Pub. Acts 1885, No. 205.

The words " such judgment," in this act, do not relate to a new judgment entered by the justice to whom the transcript is presented, nor does the statute, as to such judgment, commence to run from the date of its entry in the docket of the justice in whose office the transcript is filed.

In *Rand* v. *Garner*, 75 Iowa, 311, which is referred to, the Code provided that the clerk should enter the memorandum in his judgment docket, and that "from the time of such filing it shall be treated in all respects   *   *   *   as a judgment rendered in the circuit court *as of that date.*" Section 3568.

In *Brown* v. *Wuskoff*, 118 Ind. 569, under a statute similar to our own, the court held that the statute commenced to run at the date of the rendition of the judgment, and not from the date of the entry in the circuit.

It seems to me that this is the construction that should be given to our statute; that it does not contemplate a new judgment, or the rendition of a judgment by the clerk, but that the entry or record of the existing judgment gives to that judgment the same force and effect as if originally rendered in the circuit court.

The decree of the court below is therefore affirmed, with costs to defendants.

The other Justices concurred.