### COLE v. POTTER.

1. JUSTICES OF THE PEACE—JUDGMENTS—COLLATERAL ATTACK—RESIDENCE OF PARTIES.

> A justice's judgment, regular on its face, cannot be impeached in a collateral proceeding by showing that neither of the parties lived in the township where the justice resided, nor in an adjoining township.

2. SAME—TRANSCRIPT—STATUTE OF LIMITATIONS.

> A justice's judgment, when docketed on transcript in the circuit court, becomes a judgment of a court of record, to which the 10-year statute of limitations applies.

3. SAME—DOCKET ENTRIES—TIME OF APPEARANCE.

> A justice's docket entry reciting: "December 12, 1891, 10 o'clock a. m. Cause called. The plaintiff appears in person, with E., his attorney. Defendant does not appear. After waiting one hour, and defendant not appearing," etc., — sufficiently shows that plaintiff appeared within the hour.

4. SAME—FALSE TRANSCRIPT—COLLATERAL ATTACK.

> A justice's judgment, docketed on transcript in the circuit court, cannot be attacked collaterally by showing that the transcript filed is not a true transcript.

Error to Gratiot; Stone, J. Submitted October 20, 1903. (Docket No. 46.) Decided January 5, 1904.

Debt by Seneca M. Cole against Elon Potter upon a

judgment. From a judgment for plaintiff, defendant brings error. Affirmed.

*W. A. Leet* and *Julius B. Kirby*, for appellant.

*John M. Everden* and *John T. Mathews*, for appellee.

MONTGOMERY, J.   This is an action upon a judgment in the circuit court for the county of Gratiot, which consisted of the transcript of a judgment rendered before a justice of the peace, and regularly filed and docketed in the office of the clerk of the court.   On the trial of the case a special finding of facts was filed, by which it appears that there was filed in the clerk's office a transcript of judgment obtained before one Giles T. Brown, a justice of the peace, of $211.52, on the 12th day of December, 1891. This transcript was filed on the 13th of February, 1893. The docket entry of the judgment read as follows: "Township of Ithaca, December 12, 1891, 10 o'clock a. m.   Cause called.   The plaintiff appears in person, with John M. Everden, his attorney.   Defendant does not appear.   After waiting one hour, and defendant not appearing," etc.   It was claimed, and the defendant offered testimony to show, that, at a time after the entry of this judgment in justice's court, the judgment had been canceled by drawing lines across it, and by a memorandum in the margin stating that the plaintiff's attorney asked the justice to treat the whole proceedings in the case as a nullity on account of the court not having jurisdiction of the parties, in which case he deemed any judgment that might be rendered void, and by also showing that there were entered on the margin of the judgment the words, "Execution issued and delivered to J. P. King, sheriff."

It was contended that the justice had no jurisdiction to render the judgment, because the parties to the suit did not either of them live in a township adjoining the residence of the justice.   The circuit judge correctly held that this question was ruled against the contention of the

defendant by the case of *Miller* v. *Smith,* 115 Mich. 427 (73 N. W. 418, 69 Am. St. Rep. 583).

It was next urged that the statute of limitations bars the action.    But the judgment is the judgment of a court of record, and the 10-year statute of limitation applies. *Wilcox* v. *Lantz,* 107 Mich. 1 (64 N. W. 735).

It is contended that the docket entry fails to show that the plaintiff appeared within the hour.    This objection is frivolous.    No other interpretation can be put upon this docket entry except the one that the plaintiff appeared at 10 o'clock on the 12th of December.    The date employed was very clearly intended to apply to this fact of appearance.

It is next contended that the transcript filed by the justice was not a true transcript.    This presents the only question about which any fair doubt may arise, and the question is, so far as we are aware, new in this court. The statute (1 Comp. Laws, § 847) provides that, upon docketing, such judgment shall have the same effect as a judgment rendered in the circuit court, and may in the same manner be enforced, discharged, and canceled.    The question presented is whether it may be shown that the transcript is not a true transcript in a collateral proceeding, or whether the remedy of the defendant be by motion to vacate the judgment or by a bill in equity to impeach the judgment.    While we are cited to no authority upon the subject, we think on principle that the plaintiff should not be bound to come into court prepared to meet the defense sought to be interposed here, but that the remedy of defendant was by direct attack upon the judgment.

It follows that the conclusion reached by the circuit judge was correct, and the judgment in favor of the plaintiff will be affirmed.

The other Justices concurred.