## No. 10,879.

### DAVIS BROTHERS DRUG CO., ET AL. *v.* COUNTER, ADMINISTRATRIX.

Decided April 7, 1924.

Action to cancel transcripts of judgments filed with the county recorder.  Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  JUDGMENTS—*Justice Court—Transcript—Real Estate Lien.*  Where a transcript of a judgment of a justice of the peace is filed with the clerk of the district court, judgment entered thereon and a transcript filed with the county recorder, the lien on real estate thus created dates from the rendition of the original judgment, at which time the six year statute of limitations begins to run.

2.      *Execution—Real Estate Lien.*  The lien on real estate created by the filing of a transcript of judgment in the office of the county recorder is not lost by the failure to return an execution issued on the judgment within ninety days as required by law.

3.  CONSTITUTIONAL LAW—*Justice of the Peace Judgments—Lien on Real Estate.*  Section 25 of article VI of the Colorado Constitution providing that jurisdiction of justices of the peace shall not extend to cases where the boundaries or title to real property shall be called in question, has no application to the statutes providing the procedure for making a judgment of a justice of the peace a lien on real estate.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. FREDERICK P. CRANSTON, for plaintiffs in error.

Mr. HARRY BEHM, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error, having a judgment of the county court against one Gagan, in order to make a levy effective, began a suit to have canceled, as a cloud upon the title of Gagan, certain transcripts of judgments entered in the justice court and recorded in the office of the county clerk and recorder of Adams county. She sought also to have determined the rights of certain other parties who do not appear here. A demurrer to the complaint was overruled, and, the defendants electing to stand upon their demurrer, judgment was rendered for the plaintiff. The defendants bring the case here on error, and ask for a supersedeas.

They urge that the duration of the lien secured by the filing of the transcript is six years from such filing, while the defendant in error contends that the time dates from the rendition of the judgment in the justice court. If the latter claim is correct the defendants had no lien on the land.

Section 5898, C. L. 1921, provides for the filing of a transcript of a judgment with the recorder of any county, thus giving a lien upon the debtor's real estate. It then provides that "The lien shall continue for six years from the entry of judgment unless the judgment be previously satisfied."

Section 6083, C. L. 1921 provides for the filing with the clerk of the district court of a transcript of a judgment of a justice of the peace. The closing paragraph reads as follows: "Such judgment shall thenceforward have all the effect of a judgment of the said district court and execution shall issue thereon out of that court as in other cases."

Section 254 of the Code makes substantially the same provision, with the additional provision that, "Said lien

shall continue for six years from the entry of judgment, unless the judgment be previously satisfied."

Plaintiffs in error contend that the filing and recording of the transcript constitute a new judgment, which is in effect a judgment of the district court, and that the statute of limitations begins to run only from the date of filing. We cannot agree with that contention. There is nothing in the statute which recognizes the proceedings above indicated as constituting a new judgment. The reference at all times is to the judgment entered by a justice of the peace.

Section 6083 is obviously intended to provide a method of enforcing such a judgment, and there is no reason why it should be given a longer term of lien than is given to a judgment of a court of record, as would happen under the contention of plaintiffs in error. If the contention in question were sound, one who had a judgment rendered by a justice of the peace might refrain from filing the transcript for nearly six years, and then have a six year lien from the time of filing.

In *Dieffenbach v. Roch,* 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829, the court had under consideration a statute which provided that a judgment of a justice of the peace when recorded should be "a lien on the real estate of the defendant within the county in the same manner and with like effect as if such judgment had been rendered in the Court of Common Pleas."

The court held that the docketing of a judgment is not synonymous with "rendering" a judgment, and that, therefore, the judgment did not become a judgment of the county court. In the opinion it is pointed out that the word "rendered" is always used in the sense of judgments given by judicial action; that a county clerk by recording a transcript of judgment, does not render a judgment, in any proper sense of the term.

In the case of *Seymour v. Haines,* 104 Ill. 557, the court was called upon to construe a statute which provided that when a transcript of a justice judgment had been recorded

in the circuit court "the judgment shall thenceforward have all the effect of a judgment of the circuit court, and execution shall issue thereon out of that court as in other cases." The court held that the judgment was still a judgment rendered by a justice of the peace; that the transcript was taken only for the purpose of securing a lien on the defendant's real estate.

In *People v. Doe,* 31 Cal. 220, the court, construing a statute which gives a recorded transcript of a justice's judgment "a lien in like manner as judgments rendered in the district court," etc., held that it was, after recording, in no sense a judgment of the district court. To the same effect are *Wilcox v. Lantz,* 107 Mich. 1, 64 N. W. 735, and *Pierson v. Daly,* 49 Mont. 478, 143 Pac. 957.

*Brown v. Wuskoff,* 118 Ind. 569, 19 N. E. 463, 21 N. E. 243, involved the identical question here raised, that is, whether the limitation of the time of a lien began to run from the rendition of the judgment in the justice court, or from the time of docketing it in the circuit court. It was held that time was to be computed from the rendition in the justice court.

Plaintiffs in error further contend that since the complaint shows that the execution taken out by defendant was not returned within ninety days, as required by law, her lien has been lost, and that she has therefore no standing in court.

The cases cited do not support this contention. They refer to levies on personal property in which the lien arises from a delivery of the execution to the officer. They properly hold that a levy cannot be made for the purpose of gaining security. A different question is presented where the lien is upon real estate, as is expressly recognized in *Speelman v. Chaffee,* 5 Colo. 247-256, one of the cases cited by plaintiffs in error. The statute requiring a return of the execution within a prescribed time does not say, or suggest, that a failure to make return has any effect upon the lien.

In *Wood v. Brown,* 104 Fed. 203, 206, 43 C. C. A. 474, it

is held that a levy and release of levy have no effect on a lien on real estate.

In *Floyd v. Sellers*, 7 Colo. App. 498, 506, 44 Pac. 373, it is said that a judgment lien continues for six years whether execution issue or not. No penalty being attached by law to failure to make a return within ninety days, no court should impose it, and thus nullify an express statutory provision giving six years as the duration of the lien. Plaintiffs in error call attention to section 25 of article VI of the Constitution which provides that the jurisdiction of a justice of the peace shall not extend to cases "where the boundaries or title to real property shall be called in question." It is urged that the legislature in view of the provision, must have intended that the judgment creating a lien should be a district court judgment, and not a judgment of a justice court. The answer to this is that the giving of a lien does not involve the boundaries or title to real property.

It appearing that the court did not err in overruling the demurrer, the supersedeas is denied and the judgment affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.