**Linda BAUM n/k/a Linda Redding, Plaintiff–Appellant,**

v.

**Jerome BAUM, Defendant–Appellee.**

No. 89CA1770.

Colorado Court of Appeals, Division II.

April 11, 1991.

As Modified on Denial of Rehearing June 13, 1991.

Certiorari Denied Dec. 3, 1991.

Alperstein & Covell, P.C., Cynthia F. Covell, Denver, for plaintiff-appellant.

Lamm & Young, Tom W. Lamm, Patrick D. Butler, Boulder, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiff Linda Baum, n/k/a Linda Redding, appeals the trial court's order granting the motion of defendant Jeremy Baum to quash levy and execution. We affirm.

## I.

The relevant facts are undisputed. Plaintiff and defendant are former spouses. On May 13, 1983, judgment was entered in New York against defendant for unpaid child support. On August 15, 1983, plaintiff filed the judgment in Colorado and recorded the transcript of judgment with the Jefferson County Clerk and Recorder pursuant to the Uniform Enforcement of Foreign Judgments Act (the Uniform Act), § 13–53–101, et seq., C.R.S. (1987 Repl.Vol. 6A). Under § 13–52–102(1), C.R.S. (1987 Repl.Vol. 6A), the filing of plaintiff's transcript of judgment created a lien for six years "from the entry of judgment" on all of defendant's owned or after-acquired real property in Jefferson County.

On or about November 25, 1983, which was shortly after plaintiff recorded her transcript of judgment, defendant transferred his Jefferson County real property to a third party.

In July 1989, plaintiff filed a motion to revive the six-year judgment lien, but that motion was ultimately rejected by the trial court and no appeal was taken from that ruling.

On August 11, 1989, plaintiff obtained a writ of execution and delivered it to the Jefferson County Sheriff's Department, which then filed it with the Jefferson County Clerk and Recorder's office. On August 31, 1989, defendant was served with a notice of levy and seizure.

Defendant then filed a motion to quash in district court, claiming that plaintiff's six-year judgment lien had expired and therefore no levy or seizure was authorized. The district court agreed and granted defendant's motion to quash.

## II.

On appeal, plaintiff contends that her judgment lien began on August 15, 1983,

the date she filed her New York judgment in Colorado, and since she obtained her writ of execution within six years of that date, she had a valid judgment lien on defendant's real property at the time she began execution. Thus, plaintiff claims that she was entitled to proceed by levying against defendant's real property and the trial court erred in quashing her writ of execution.

Defendant contends that the judgment lien began on May 13, 1983, the date the New York judgment was entered. He claims that the six-year judgment lien expired in May 1989, approximately three months before plaintiff began to execute against his real property, and therefore, the trial court ruled correctly in quashing the writ of execution.

These circumstances present an issue of first impression in Colorado, namely: When calculating the six-year time limit on a judgment lien under § 13–52–102(1) that originated as a foreign judgment filed under the Uniform Enforcement of Foreign Judgments Act, does the time begin to run when the judgment was *entered* in the foreign jurisdiction, or when the foreign judgment was *filed* in Colorado?

In Colorado, a district court judgment is enforceable for twenty years from entry of judgment. *See* § 13–52–102(2)(a), C.R.S. (1987 Repl.Vol. 6A). The effective date of an entry of judgment is defined as "the date set forth in the written judgment." C.R.C.P. 58(a).

A judgment alone, however, does not constitute a lien upon a debtor's real property. In order to create such a lien, a creditor must file a transcript of judgment in the county where the property is located. *See* § 13–52–102(1); *see also Robison v. Gumaer,* 43 Colo. 310, 95 P. 935 (1908). Thereafter, the judgment becomes a lien on all real property then owned by the debtor in that county, or property acquired by the debtor in that county until the lien expires. As previously noted, a lien expires six years from the entry of judgment, unless the judgment is satisfied earlier. *See* § 13–52–102(1).

*Davis Brothers Drug Co. v. Counter,* 75 Colo. 239, 225 P. 245 (1924) is instructive. There, plaintiff argued that the filing and recording of a justice court transcript in the district court constituted a new judgment and therefore his judgment lien ran for six years from the filing of the transcript, rather than from the date judgment was entered. Our supreme court rejected plaintiff's argument and stated:

"There is no reason why [plaintiff] should be given a longer term of lien than is given to a judgment of a court of record.... If the [plaintiff's] argument were sound, one who had a judgment rendered ... might refrain from filing the transcript for nearly six years, and then have a six-year lien from the time of filing."

Similarly, here, the New York judgment states that it was entered on May 13, 1983, and under the plain language of § 13–52–102(1), plaintiff's judgment lien expired six years from that date. To hold otherwise would allow a creditor to proceed as hypothesized by our supreme court in *Davis Brothers Drug Co. v. Counter, supra;* that is, a creditor would be able to create a longer judgment lien on a foreign judgment than on a judgment originally entered in Colorado. We do not believe that the General Assembly intended such an illogical result in enacting the Uniform Act.

■ If the language of a statute is plain and its meaning is clear, the statute must be enforced as written. *See Western Refining Corp. v. State Department of Revenue,* 767 P.2d 772 (Colo.App.1988).

■ Accordingly, we hold that plaintiff's six-year judgment lien under § 13–52–102(1) ran from the date judgment was *entered* in New York, rather than the date the judgment was filed in Colorado. The lien here expired on or about May 13, 1989, and the trial court correctly concluded that plaintiff did not have a valid judgment lien on defendant's property when she obtained the writ of execution in August 1989.

In view of this disposition, we do not address the remaining issue involving an alleged lien on defendant's property arising

from the levy and execution. *See* § 13–56–103, C.R.S. (1987 Repl.Vol. 6A).

The order is affirmed.

SMITH and DUBOFSKY, JJ., concur.