**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Plaintiff–Appellant,**

v.

**Remington M. KETCHAM, as administrator of the Estate of Patrick R. Ketcham, deceased, Defendant–Appellee.**

No. 91CA1738.

Colorado Court of Appeals,
Div. III.

Sept. 24, 1992.

As Modified on Denial of Rehearing
Oct. 29, 1992.

Certiorari Denied April 19, 1993.

Anderson, Campbell & Laugesen, P.C., Robert L. McGahey, Jr., Dwianne S. Ladendorf, Denver, for plaintiff-appellant.

Robert S. Kayser, Colorado Springs, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), appeals the summary judgment entered in favor of

defendant, Remington M. Ketcham (administrator) administrator of the estate of Patrick Ketcham.

This case raises an issue of first impression in Colorado: Whether Colorado's No-Fault Act provides PIP benefits to a nonresident who is involved in an accident in Colorado but whose insurance policy is issued in another state, and whose insured vehicle is located in another state at the time of the accident. Because we hold that an injured nonresident is not entitled to PIP benefits under such circumstances, we reverse and remand with directions.

## I.

In September 1990, Patrick R. Ketcham (Ketcham), a California resident, was injured in an accident in Colorado. At the time, Ketcham was operating a friend's motorcycle with permission. The friend's motorcycle was registered, licensed, and insured in Colorado and did not have personal injury protection coverage.

At the time of the accident, Ketcham also owned a vehicle which was registered, licensed, and located in California. Ketcham's vehicle was insured by State Farm under a policy which excluded coverage for motorcycles.

After the accident, Ketcham demanded personal injury protection (PIP) benefits from State Farm under his own policy pursuant to § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A) (No–Fault Act). State Farm refused to pay the benefits and filed a declaratory judgment action to determine whether Ketcham was entitled to the benefits.

Both parties filed motions for summary judgment, conceding there were no genuine issues of material fact. The court granted Ketcham's motion, finding that the PIP provisions applied to him and that nothing in the No–Fault Act excluded him from receiving them.

Thereafter, Ketcham died of unrelated causes, and the parties agreed to substitute the administrator as the proper party defendant.

## II.

■ The purpose of the No–Fault Act is to avoid inadequate compensation to victims of automobile accidents. Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A).

Section 10–4–711(4), C.R.S. (1987 Repl. Vol. 4A) is the only section of the No–Fault Act that specifically applies to out-of-state insurance policies. It provides:

(a) Notwithstanding any of its terms and conditions, *every contract of liability insurance for injury, wherever issued,* covering ownership, maintenance, or use of a motor vehicle, shall provide coverages at least as extensive as the minimum coverages required by operation of sections 10–4–706 and 10–4–707, *and qualifies as security covering the vehicle while it is in this state.*

(b) An insurer authorized to transact or transacting business in this state may not exclude the minimum coverages required by operation of sections 10–4–706 and 10–4–707 in any contract of liability insurance for injury wherever issued, covering ownership, maintenance, or use of a motor vehicle *while it is in this state.* (emphasis added)

Emphasizing that insurance policies insure vehicles and not persons, State Farm contends that § 10–4–711(4) entitles a nonresident to PIP benefits only if that individual's insured vehicle is located in Colorado at the time of the accident. We agree.

■ When construing a statute, a court is obligated to ascertain and give effect to the intent of the General Assembly wherever possible. *R.E.N. v. Colorado Springs,* 823 P.2d 1359 (Colo.1992). To ascertain legislative intent, courts must first look to the plain language of the statute, construing it as a whole and giving effect to all its parts. *See City of Lakewood v. Mavromatis,* 817 P.2d 90 (Colo. 1991). If the language of a statute is plain and its meaning clear, it must be applied as written. *Baum v. Baum,* 820 P.2d 1122 (Colo.App.1991).

Section 10–4–711(4)(a) clearly provides that every liability insurance policy, wherever issued, must provide coverage for

ownership, maintenance, or use of a motor vehicle "while it is in this state." "It" necessarily refers to the out-of-state vehicle. The statute thus ensures that nonresidents receive no-fault benefits if they are involved in an accident while driving their vehicles in Colorado. Such a result is consistent with the purpose of the No–Fault Act.

Nor are we persuaded by the administrator's argument that *Martin v. Principal Casualty Insurance Co.*, 835 P.2d 505 (Colo.App.1991) (*cert. granted* September 14, 1992) requires a different result. The plaintiff in *Martin* rented a car in Colorado from Budget Rent–A–Car Corporation, a self-insured no-fault insurance carrier. Plaintiffs were then involved in an accident while driving the insured automobile in Texas. Plaintiffs claimed PIP benefits from the rental agency under the Colorado No–Fault Act. This court, interpreting § 10–4–711(3), C.R.S. (1987 Repl.Vol. 4A), held that Colorado insured vehicles are insured in other states and that, therefore, plaintiffs were entitled to the benefits.

The court stated:

[T]he coverage mandated by [§§ 10–4–707(1)(a) & (b)] is personal to the insureds and is not dependant upon the involvement of any particular motor vehicle, except as noted, in the injury causing accident....

There are several important factual distinctions between this case and *Martin*. Here, the injured party owns an out-of-state vehicle which is insured by an out-of-state policy and which is located out-of-state at the time of the accident. Further the court in *Martin* construed § 10–4–711(3), whereas here, we interpret § 10–4–711(4). Given these differences, we do not consider *Martin* dispositive, nor do we view our result as inconsistent with the holding in *Martin*.

Accordingly, we hold that an insurer is not required to provide no-fault benefits under § 10–4–706 and § 10–4–707 to a nonresident whose insured vehicle is not located in Colorado at the time of the accident, and the trial court erred in concluding otherwise.

In view of our conclusion that Ketcham's policy does not apply and does not provide coverage for this accident, we need not address the administrator's additional contention that §§ 10–4–701(1) & (2), C.R.S. (1987 Repl.Vol. 4A) entitle him to receive PIP benefits as a nonowner operator of the motorcycle.

The judgment is reversed, and the cause is remanded with directions to the trial court to enter judgment in favor of State Farm.

SMITH and CRISWELL, JJ., concur.