**CROWN BANK, a Federal Saving Bank, Plaintiff–Appellant,**

v.

**CROWDER MORTGAGE CORPORATION, Defendant–Appellee.**

No. 99CA0794.

Colorado Court of Appeals, Div. IV.

May 25, 2000.

Kleinsmith & Associates, P.C., Philip M. Kleinsmith, Colorado Springs, Colorado, for Plaintiff–Appellant.

Law Office of Charles F. Molling, J.D., Charles F. Molling, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

In this action for judicial foreclosure of a deed of trust, plaintiff, Crown Bank, appeals the trial court order requiring it to release a deed of trust securing a promissory note payable to it after the tender of the payoff in an amount it provided its customer at the customer's request. We affirm.

Donald W. and Cathy S. Schofield (the Schofields) purchased property in Littleton, Colorado. The Schofields borrowed money from Crown Bank, and they executed and delivered two promissory notes secured by separate deeds of trust.

Crown Bank had previously commenced foreclosure proceedings with respect to both deeds of trust. Through those proceedings, the junior, or second, note and deed of trust was paid off and released, and the first deed of trust was redeemed. After the foreclosure proceedings were terminated, the Schofields sold the property to Charles P. Rahe (Rahe). Rahe financed his purchase through Crowder Mortgage Corporation (Crowder Mortgage).

An attorney representing both the Schofields and Rahe requested Crown Bank provide a statement of the amount required to pay off the obligation secured by the first deed of trust. Crown Bank, through its at-

torney, responded by letter with a payoff figure of approximately $121,300, which included $1,800 in attorney fees. The letter indicated that if the attorney fees and an additional charge of $5,200 were contested, Crown Bank would not execute a release of the deed of trust without an escrow deposit of an additional $7,000. The escrow deposit was intended to secure Crown Bank against any attorney fees and costs it might incur in a future dispute concerning the attorney fees and the additional charge.

A title company tendered the payoff plus per diem interest of about $121,800 to Crown Bank. The title company was acting on behalf of Rahe with funds provided by Crowder Mortgage, which recorded its deed of trust granted by Rahe. At the same time, but acting separately from the title company, the Schofields' and Rahe's counsel objected to the amount of principal, interest, and attorney fees requested by Crown Bank as part of the payoff figure. The objection related, in part, to the manner in which the cure payment from the first foreclosure was credited.

Crown Bank returned to counsel for Schofield and Rahe the payoff check it had received from the title company but indicated Crown Bank would accept another check with appropriate additional per diem interest if the Schofields and Rahe agreed to attorney fees for both past and future litigation, if any. Counsel for the Schofields and Rahe again tendered the payoff check without the requested assurances, and Crown Bank again returned it. The failure of Crown Bank to accept the payoff check occurred without the knowledge of Crowder Mortgage.

Crown Bank then filed this action for a judicial foreclosure. The district court held a hearing on all pending motions and issued its order directing that: (1) Crowder Mortgage issue to Crown Bank a replacement check in the amount of the original payoff; (2) Crown Bank release the deed of trust upon receipt of the replacement check; (3) the Schofields and Rahe post a $5,000 bond in favor of Crown Bank to secure any additional attorney fees and expenses; and (4) the Schofields file a motion within two weeks detailing the nature of their objection to the payoff figure. The trial court further stated that by releasing the deed of trust, Crown Bank would not waive any existing or future rights against any other parties, including claims for reimbursement of attorney fees and costs.

Crown Bank filed two motions for reconsideration, the thrust of which was that Crown Bank was entitled to interest and attorney fees during the period between the original payoff tenders and the court order, about six months. Both motions were denied.

■■■ On appeal, Crown Bank, without reference to any authority, argues that the trial court cannot enter the order requiring it to accept the original payoff and release its deed of trust without making an express finding, or conclusion, that the original tender, made under protest, was binding on Crown Bank. We conclude that under § 38–35–124, C.R.S.1999, the tender was binding.

Section 38–35–124 states in relevant part: Except as provided in articles 22 and 23 of this title, when all indebtedness, whether absolute or contingent, secured by a lien on real property has been satisfied, unless the debtor requests in writing that the lien not be released, the creditor or holder of the indebtedness *shall,* within ninety days after the satisfaction of the indebtedness and receipt from the debtor of the reasonable costs of procuring and recording the release documents, record with the appropriate clerk and recorder the documents necessary to release or satisfy the lien of record....

(emphasis added).

■■■ When the language of a statute is plain and its meaning is clear, it must be interpreted as written. *See Baum v. Baum,* 820 P.2d 1122 (Colo.App.1991). Section 38–35–124 clearly requires that upon the tender of a payment fully satisfying an obligation secured by real property, the deed of trust securing that obligation must be released.

Here, a request was made to Crown Bank for a statement of the amount necessary to pay off the obligation secured by its first deed of trust. Crown Bank submitted that payoff amount but conditioned its release of the deed of trust on its being provided security for its future attorney fees and expenses should a dispute arise about the amount of the payoff.

We conclude that a lender cannot place conditions on its release of a deed of trust other than the satisfaction of the indebtedness secured by that deed of trust. This conclusion is consistent with the apparent purpose of the statute, which is to permit the owners of real property to obtain the release of liens by the payment of the full amount secured by the lien and thereby permit the owner to sell, pledge, or otherwise deal with the property free of the lien. If a lien holder were permitted further to condition the release of the lien, it could use that ability to coerce settlement of other disputes or accounts a result which the statute clearly intended to prevent.

Here, it is undisputed that the full amount of the indebtedness secured by the deed of trust, as determined by Crown Bank, was tendered. Crown Bank does not have any right to refuse the tender or further condition its release of the deed of trust. The right of Crown Bank to any further interest is also terminated upon a tender in full of the amount owed. *See Hohn v. Morrison*, 870 P.2d 513 (Colo.App.1993)(vendor not entitled to interest, costs, or attorney fees after purchaser has made a full legal tender on the note).

The fact that Schofields and Rahe objected to, but paid, the payoff amount established by Crown Bank did not alter the obligation of Crown Bank to release the deed of trust. Nor does the existence of such an objection make the tender ineffective for the purposes of obligating Crown Bank to cancel the promissory note and release the deed of trust.

We deny Crowder Mortgage's request for attorney fees pursuant to § 13–17–102, C.R.S.1999, as we conclude the appeal is not frivolous, groundless, and vexatious, or lacks substantial justification. *See Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925 (Colo. 1993).

The order is affirmed.

Judge MARQUEZ and Judge VOGT concur.