GMAC MORTGAGE CORPORATION, a Pennsylvania corporation; Indy Mac FSB Principal Residential Mortgage, Inc., a California corporation; Countrywide Home Loans Inc.; and Bank of New York as Trustee for certificate holders of alternative loan trust 2003–12 mortgage pass through certificate series 2003–12, Plaintiffs–Appellants,

v.

PWI GROUP, a California limited partnership, Defendant–Appellee.

No. 05CA0982.

Colorado Court of Appeals, Div. III.

Nov. 16, 2006.

Certiorari Denied April 9, 2007.

Castle, Meinhold & Stawairsky, LLC, Deanna L. Westfall, Deanne R. Stodden, Jennifer C. Rogers, Denver, Colorado, for Plaintiffs–Appellants.

Alpern, Myers, Stuart, Scheuerman & Hickey, LLC, Kenneth P. Myers, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge GRAHAM.

In this action under the Spurious Liens and Documents Act, § 38–35–201, et seq., C.R.S.2006, plaintiffs, GMAC Mortgage Corporation; INDY MAC FSB Principal Residential Mortgage, Inc.; Countrywide Home Loans Inc.; and Bank of New York (collectively lenders), appeal the trial court's judgment in favor of defendant, PWI Group. We reverse and remand for further proceedings.

This case concerns seven properties located in Pueblo County. Title to each of the seven properties was vested in either Maurice S. Goring or Frances Goring. All seven properties were encumbered by deeds of trust securing payment on seven respective promissory notes held by the lenders. After the Gorings failed to make payments on the notes, the lenders commenced public trustee foreclosure proceedings on the properties. The lenders provided notice to all parties with a record interest in the properties.

After foreclosure proceedings were completed, PWI notified the lenders that it held an interest in the Goring properties and asserted that it retained rights to redeem as an omitted creditor pursuant to § 38–38–506,

C.R.S.2006. PWI claimed an interest in the properties based on a deed of trust securing a $750,000 loan from PWI to Mandalay Holdings, LLC (Mandalay deed of trust).

The Mandalay deed of trust provided that "Borrower [Mandalay Holdings], in consideration of the indebtedness herein recited and the trust herein created, hereby grants and conveys to Trustee in trust, with power of sale," a number of properties in Pueblo County, including the Goring properties. Mandalay Holdings did not own the Goring properties. The deed of trust listed several individuals, including the Gorings, as the "consenting owners" and provided that the "Borrower and the Consenting Owners covenant that Borrower and the Consenting Owners own and have the right to grant and convey the Property, and warrant title to the same."

The lenders filed a petition to show cause why the Mandalay deed of trust should not be declared an invalid spurious document and removed from the title, because Mandalay Holdings did not own the subject properties. After a hearing, the court found that the owners of the properties could not consent to Mandalay Holdings' transferring an interest in property that it did not own. However, the court ultimately found that the owners of the properties consented to liens being placed on their properties, which gave Mandalay Holdings "some legal interest" in the properties, which it in turn transferred to the public trustee to secure repayment of the loan from PWI. The court thus concluded that the Mandalay deed of trust was not a spurious document and therefore denied the lenders' petition and dismissed the case. The court ordered the lenders to pay PWI's costs and attorney fees. This appeal followed.

## I.

■ The lenders contend that the trial court erred in concluding that the Mandalay deed of trust was not a spurious document pursuant to § 38–35–201(3), C.R.S.2006. We agree.

■ The interpretation of a written document presents a question of law subject to de novo appellate review. *Bolser v. Bd. of Comm'rs,* 100 P.3d 51 (Colo.App.2004).

Section 38–35–201(3) defines "spurious document" as "any document that is forged or groundless, contains a material misstatement or false claim, or is *otherwise patently invalid*" (emphasis added).

The lenders argue that, because Mandalay Holdings had no record interest in the subject properties it conveyed to the public trustee, its deed of trust is a "wild deed" outside the chain of title; thus, the Mandalay deed of trust is a spurious document. We agree.

A "wild deed" is defined as "[a] recorded deed that is not in the chain of title," *Black's Law Dictionary* 446 (8th ed.2004), such as a deed "executed by a grantor with no record ownership of the interest." 11 *Thompson on Real Property* § 92.11(c) (David Thomas ed.1994); *see also* Attorneys Title Guar. Fund, Inc., *Colorado Real Estate Title Standards* 3.3.1 (2003) (an instrument that appears of record purporting to affect the title to real property that is executed by one who has no record interest in the real property on the date it is recorded is a "wild deed," which is outside the chain of title).

Here, it is undisputed that Mandalay Holdings was the grantor of the Mandalay deed of trust. It is also undisputed that Mandalay Holdings did not own any right, title, or interest in the subject properties it purported to convey to the public trustee. Thus, the Mandalay deed of trust was outside of the chain of title as disclosed in the grantor-grantee indices and constituted a "wild deed." *See In re Moreno,* 293 B.R. 777 (Bankr.D.Colo.2003); *Nile Valley Fed. Sav. & Loan Ass'n v. Sec. Title Guar. Corp.,* 813 P.2d 849 (Colo.App.1991); *cf. Franklin Bank v. Bowling,* 74 P.3d 308, 312 (Colo.2003) ("The scope of a search of real property records should include a search of the direct and inverted indices of recorded documents maintained by the clerk and recorder. Those indices should be searched 'as to each person who has held or holds title to an interest in any portion of the subject property' during prescribed periods." (quoting Attorneys Title Guar. Fund, Inc., *Colorado Real Estate Title Standards, supra,* 1.1.3

(1997))). Accordingly, the Mandalay deed of trust is patently invalid.

 Moreover, "[i]t is clear that Colorado law intends to mandate that only the owner of real property can encumber or convey the same." *In re Moreno, supra,* 293 B.R. at 785. Because Mandalay Holdings did not own the interest it purported to convey, it conveyed nothing to the public trustee. Thus, the instrument it filed was clearly illusory and did not effectively encumber the subject properties.

The property owners' consent to "imposition of the lien described in [the Mandalay] deed of trust to the property described" does not cure this defect. Although the owners may consent to the filing of the deed of trust, they cannot create an encumbrance merely by consenting to an illusory grant. Indeed, the owners did merely not "grant" any interest in the property simply by "consenting" to a deed of trust. While they may have intended to convey, there must also be an actual grant of an interest before they can effectively grant an interest in the real estate. Having no right to the properties, Mandalay Holdings' recording the deed of trust purportedly conveying the properties to the trustee established a cloud on the title of those persons who lawfully owned interests in the land.

We conclude that the Mandalay deed of trust is patently invalid and contains an illusory grant, and therefore it constitutes a spurious document pursuant to § 38–35–201(3).

### II.

 Because we have concluded that the trial court erred in determining that the Mandalay deed of trust is not a spurious document, the award of costs and fees to PWI must be reversed. *See Tuscany, LLC v. W. States Excavating Pipe & Boring, LLC,* 128 P.3d 274 (Colo.App.2005).

Instead, on remand the lenders are entitled to recover their costs and reasonable attorney fees from PWI. *See* § 38–35–204, C.R.S.2006; C.R.C.P. 105.1(d); *Tuscany, LLC v. W. States Excavating Pipe & Boring, LLC, supra.*

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

CASEBOLT and RUSSEL, JJ., concur.