Nora Lee Winton **THOMAS,** Adeola Sue **Thomas,** Fumilayo **Thomas–Houston,** Debra Lynn **Thomas–Salsberry** and Kapre Chicken, Inc., **Plaintiffs–Appellants,**

v.

**LYNX UNITED GROUP, LLC,** Defendant–Appellee.

No. 05CA0809.

Colorado Court of Appeals, Div. VI.

Dec. 28, 2006.

Raymond P. Micklewright, Colorado Springs, Colorado, for Plaintiffs–Appellants.

Lottner Rubin Fishman Brown & Saul, P.C., Christopher J. Dawes, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge J. JONES.

Plaintiffs, Nora Lee Winton Thomas, Adeola Sue Thomas, Fumilayo Thomas–Houston, Debra Lynn Thomas–Salsberry, and Kapre Chicken, Inc., appeal the district court's order granting summary judgment in favor of defendant, Lynx United Group, LLC (Lynx United), on the parties' respective claims and counterclaims pertaining to Lynx United's alleged entitlement to foreclose on a deed of trust on certain real property owned of record by Kapre Chicken in Denver, Colorado (the Property). The district court ruled that a notice of lis pendens filed by plaintiff Nora Thomas did not place Lynx United on notice of her purported superior interest in the Property because it did not name the record owner of the Property, Kapre Chicken, and therefore did not appear in the chain of title reflected in the grantor-grantee indices of the Denver County Clerk and Recorder's Office. Accordingly, the district court permitted Lynx United to foreclose on the deed of trust. We affirm and remand with directions.

## I. Background

At all relevant times, the shareholders of plaintiff Kapre Chicken were plaintiffs Nora Thomas, Fumilayo Thomas–Houston, and Debra Thomas–Salsberry, and defendants Ava Thomas–Walker and Wilford Thomas (Nora's former husband). In 1982, Wilford Thomas transferred the Property to Kapre Chicken. The deed reflecting that conveyance was duly recorded in the Denver County Clerk and Recorder's Office. It is undisputed that after 1982 Kapre Chicken was the sole holder of record title to the Property.

In 2001, Nora Thomas filed a petition for legal separation from Wilford Thomas in Denver District Court. On January 10, 2001, Nora Thomas's counsel filed a "Notice of Lis Pendens" with the Denver County Clerk and Recorder's Office which named only the parties to the separation action, Nora and Wilford Thomas, but included a legal description (and street address) of the Property. Appar-

ently, Nora Thomas claimed some interest in the Property, though the source and nature of that interest are not disclosed by the record. Nor does the record disclose any resolution of Nora Thomas's claim of an interest in the Property.

On September 16, 2002, Ava Thomas–Walker, on behalf of herself individually and as "Secretary and Director" of Kapre Chicken, executed a promissory note in the original principal amount of $350,000 in favor of PC Financial, LLC. To secure the promissory note, Ava Thomas–Walker, as Secretary and Director of Kapre Chicken, executed a deed of trust in favor of PC Financial, encumbering the Property. PC Financial assigned the promissory note and deed of trust to Lynx United on December 18, 2002, and Lynx United recorded the assignment of the deed of trust in the county records two days later.

Both Ava Thomas–Walker and Kapre Chicken defaulted on the promissory note by failing to make timely payments. Lynx United took action to foreclose on the deed of trust, and a foreclosure sale was set for May 6, 2003. On April 30, 2003, plaintiffs filed their complaint in this case which, as relevant to this appeal, sought a declaratory judgment as to the respective rights of plaintiffs and Lynx United in the Property and a preliminary and permanent injunction prohibiting the foreclosure sale from going forward. The sole basis of plaintiffs' claims against Lynx United was the 2001 notice of lis pendens filed by Nora Walker's counsel in the separation action.

Lynx United asserted counterclaims and cross-claims which, as relevant to this appeal, sought a money judgment on the promissory note and an order permitting it to foreclose on the deed of trust.

The district court entered a temporary injunction and, subsequently, a preliminary injunction prohibiting the foreclosure sale from proceeding pending a resolution of the merits of the parties' dispute.

Lynx United filed a motion for partial summary judgment, contending, among other things, that the notice of lis pendens did not provide record notice to Lynx United for a

variety of reasons. The district court granted Lynx United's motion.

The district court found that (1) the notice of lis pendens was not filed in Kapre Chicken's chain of title, as reflected in the statutorily mandated grantor-grantee indices, and therefore did not give Lynx United notice of Nora Thomas's claimed interest in the Property, and (2) because PC Financial did not acquire its interest in the Property "by, through, or under any party named in" the notice of lis pendens, the statute providing for constructive notice by lis pendens, § 38-35-110, C.R.S.2006, was inapplicable by its own terms. Accordingly, the district court entered judgment in Lynx United's favor on all of plaintiffs' claims and on its counterclaims (including its counterclaim on the promissory note). (The district court had previously entered default judgment against Ava Thomas–Walker on Lynx United's promissory note cross-claim.)

On April 18, 2005, plaintiffs filed their notice of appeal. They did not, however, move for a stay of the district court's judgment or post a supersedeas bond, and consequently the foreclosure was completed. Lynx United was the successful bidder at the foreclosure sale. Plaintiffs did not redeem the Property within the statutory redemption period. The Property has since been transferred to another entity.

## II. Discussion

### A. Mootness

■ Lynx United has moved to dismiss the appeal, contending that the appeal is moot because of the completion of the foreclosure. We disagree.

Lynx United relies on the decision by a division of this court in *Mount Carbon Metropolitan District v. Lake George Co.*, 847 P.2d 254 (Colo.App.1993). In *Mount Carbon*, a creditor sought to foreclose a judgment lien, and the debtor sought injunctive relief to prevent a foreclosure sale. The trial court denied the request for injunctive relief. The debtor then filed a motion to stay the judgment, on which the court never ruled. The foreclosure sale was held, and the redemption period expired. The division dismissed

the debtor's appeal as moot because its interest in the property had been lost through foreclosure. *Mount Carbon, supra,* 847 P.2d at 256–57.

Subsequently, however, in *FCC Construction, Inc. v. Casino Creek Holdings, Ltd.,* 916 P.2d 1196 (Colo.App.1996), a different division of this court held that foreclosure of the appellant's interest in property did not render the appeal moot, despite the fact that the appellant did not seek a stay of the foreclosure sale or redeem the property. In so holding, the division reviewed Colorado case law addressing the doctrine of mootness generally and as applied to situations similar to that before it. The division concluded that "the test, under these circumstances, is whether the action of [the appellant] was voluntary or, instead, was undertaken because of the actual or implied compulsion of a court's power," and that complying with a court's mandate allowing a foreclosure sale to proceed is not voluntary action. *FCC Constr., supra,* 916 P.2d at 1198.

With all due respect to the division in *Mount Carbon,* we are convinced that the division's analysis in *FCC Construction* is more in harmony with Colorado mootness jurisprudence. *See, e.g., Reserve Life Ins. Co. v. Frankfather,* 123 Colo. 77, 87–88, 225 P.2d 1035, 1040 (1950) (appeal not rendered moot when satisfaction of judgment results from party's forced choice of paying a challenged judgment or facing garnishment proceeding); *Real Equity Diversification, Inc. v. Coville,* 744 P.2d 756, 758 (Colo.App.1987) (involuntary conveyance of title to real property pursuant to court decree does not render appeal moot).

Here, as in *FCC Construction,* plaintiffs-appellants merely acquiesced in a court-ordered foreclosure. Accordingly, we conclude that their appeal is not moot.

### B. Standing

■ Lynx United also challenges the standing of the individual appellants to object to the foreclosure. The record is unclear as to the basis of the individual appellants' standing, though, as noted, Nora Thomas claims some interest in the Property and is

identified in the notice of lis pendens as a party claiming such an interest. In light of the lack of clarity in the record, and the fact that Kapre Chicken's standing is unchallenged (which requires us to address the merits of the appeal in any event), we conclude that we need not address the standing question, and express no opinion thereon.

### C. Notice of Lis Pendens

Plaintiffs' sole argument on appeal is that Nora Thomas's notice of lis pendens was sufficient to give PC Financial (and therefore Lynx United) constructive notice of Nora Thomas's claimed interest in the Property because it was filed with the office of the county clerk and recorder and contained all the information required by the lis pendens statute, § 38–35–110, specifically, the name of the court where the separation action was pending, the names of the parties to that action, and a legal description of the Property. We disagree.

■ The purpose of filing a notice of lis pendens pursuant to § 38–35–110

is to provide notice to anyone who may acquire an interest in the property during the pendency of the litigation [affecting title to real property] so that he or she will be bound by its outcome.... This insures that judgments affecting interests in real property are not undermined by transfers during litigation.

*James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373–74 (Colo.App.1994) (citation omitted).

■ Contrary to plaintiffs' contention, the mere filing of a notice containing the information required by the statute is not necessarily sufficient to provide constructive notice to the world. The statute expressly states: "From the time of recording, such notice of lis pendens shall be notice to any person thereafter acquiring, *by, through, or under any party named in such notice,* an interest in the real property described in the notice ... that *the interest so acquired* may be affected by the action described in the notice." Section 38–35–110(1), C.R.S.2006 (emphasis added). Thus, a notice of lis pendens is *not* notice to a person who acquires

an interest in the property from someone other than the parties named in the notice. This is the plain meaning of the statute, and we must enforce it as written. *Silverview at Overlook, LLC v. Overlook at Mt. Crested Butte LLC,* 97 P.3d 252, 255 (Colo.App.2004); *Crown Bank v. Crowder Mortgage Corp.,* 5 P.3d 954, 955 (Colo.App.2000); *Baum v. Baum,* 820 P.2d 1122, 1123 (Colo.App.1991).

■ Here, it is undisputed that the deed of trust was not given to PC Financial by either Nora Thomas or Wilford Thomas, the only two persons named in the notice of lis pendens. Therefore, by the express language of § 38–35–110(1), the notice of lis pendens was not notice to PC Financial of Nora Thomas's claimed interest in the Property.

■ Moreover, as the district court determined, the notice of lis pendens was ineffective as to PC Financial because it could not be found in PC Financial's chain of title. Section 38–35–110(1) expressly provides that a notice of lis pendens must be recorded in the office of the county clerk and recorder of the county in which the real property is located. *See also* § 38–35–109(1), C.R.S.2006 (providing that any instrument "affecting the title to real property" may be so recorded). The use of this language strongly indicates that the legislature intended that notices of lis pendens be recorded in accordance with the provisions of relevant recording statutes. *See City of Lakewood v. Mavromatis,* 817 P.2d 90, 98 (Colo.1991).

One such statute is § 30–10–408, C.R.S. 2006, which requires county clerks and recorders to maintain a grantor index and a grantee index, and to record documents according to those indices. No other recording system is required by statute. Thus, by law, Colorado counties maintain a recording system that enables anyone to check the status of title to real property by looking up the names of grantors and grantees. A "chain of title" is therefore created by linking the names of grantors and grantees disclosed in these indices. *See City of Lakewood, supra,* 817 P.2d at 94–95.

■ The purposes of the recording statutes are "to protect 'purchasers of real

property against the risk of prior secret conveyances by the seller [and] to permit a purchaser to rely on the condition of title as it appears of record.'" *Nile Valley Fed. Sav. & Loan Ass'n v. Security Title Guarantee Corp.*, 813 P.2d 849, 851 (Colo.App. 1991) (quoting *Grynberg v. City of Northglenn*, 739 P.2d 230, 238 (Colo.1987)). Thus, recognizing that Colorado counties maintain a grantor-grantee indexing system, the supreme court and divisions of this court have held that interests in property that do not appear in the chain of title, as shown by the grantor and grantee indices, do not give notice to purchasers of those interests: purchasers are entitled to rely on the state of title as shown by those indices. *See, e.g., City of Lakewood, supra*, 817 P.2d at 98–99; *Guaranty Bank & Trust Co. v. LaSalle Nat'l Bank Ass'n*, 111 P.3d 521, 523 (Colo. App.2004); *Collins v. Scott*, 943 P.2d 20, 22 (Colo.App.1996); *Nile Valley, supra*, 813 P.2d at 852; *cf. GMAC Mortgage Corp. v. PWI Group*, 155 P.3d 556, 557 (Colo.App. 2006) (deed of trust executed by entity which did not own any interest in the property was "outside the chain of title as disclosed in the grantor-grantee indices and constituted a 'wild deed'"; deed of trust was "patently invalid").

There is nothing in § 38–35–110 or any of the other recording statutes that indicates that notices of lis pendens are somehow different from all other documents affecting title to real property in that they need not be within the chain of title, as shown by the grantor and grantee indices, to provide constructive notice. To hold that they are excepted from this rule would create uncertainty in titles and run contrary to the recording and notice system, as well as the purposes therefor, established by statute.

It is undisputed in this case that Kapre Chicken was the record holder of title to the Property when it delivered the deed of trust to PC Financial. The notice of lis pendens was therefore outside PC Financial's chain of title. As a matter of law, it did not provide constructive notice of Nora Thomas's claimed interest in the Property, notwithstanding that it was filed in the office of the county clerk and recorder. *Cf. GMAC Mortgage*

*Corp., supra*, 155 P.3d at 557–58, 2006 WL 3314984 at *2 (deed of trust which included names of landowners, but was outside chain of title, was a spurious deed).

■ It is irrelevant that Nora Thomas and Wilford Thomas were shareholders and officers of Kapre Chicken. A searcher of title is not obligated to determine the names of all shareholders, officers, and directors of a corporation-landowner and then search the indices under those individuals' names. *See Nile Valley, supra*, 813 P.2d at 852.

In sum, the district court correctly determined that the notice of lis pendens was of no effect vis-à-vis Lynx United and therefore did not impair Lynx United's right to foreclose on the Property.

### D. Attorney Fees

Lynx United requests an award of its attorney fees and costs incurred in this appeal from Kapre Chicken, as allowed by the promissory note and deed of trust. As the prevailing party in this appeal, Lynx United is entitled to such an award. We therefore remand this case to the district court for a determination of those fees and costs.

Insofar as Lynx United requests an award of attorney fees and costs pursuant to C.A.R. 38(d) (providing for such an award where an appeal is frivolous) and § 13–17–102, C.R.S. 2006 (similarly providing), that request is denied.

### III. Conclusion

The judgment of the district court is affirmed. The case is remanded for a determination of the amount of reasonable attorney fees and costs incurred by Lynx United in this appeal.

Judge WEBB and Judge CARPARELLI concur.